17 So.2d 13

**ROCK ISLAND, A. & L. R. CO. v. GUILLORY et al.**

No. 36973.

Dec. 13, 1943.

Rehearing Denied Feb. 7, 1944.

See 17 So.2d 21.

See, also, 205 La. 125, 17 So.2d 8; 205 La. 154, 17 So.2d 17.

Liskow & Lewis, of Lake Charles, for intervener-appellant.

Barksdale & Barksdale, of Ruston, for plaintiff-appellee.

HIGGINS, Justice.

The plaintiff railroad company on September 18, 1941, filed a petition alleging that it is the owner and in possession of two strips of land in Evangeline Parish, which were purchased from Mrs. Euphamie (Effime) Ortego Guillory and her husband, Jean Batis Guillory, on July 27, 1906, and that the defendants, Jean Batis Guillory and the heirs of Mrs. Euphamie Ortego Guillory, are slandering its title by claiming that the deed does not grant a fee simple title but conveys a servitude or right of way only, and by having executed on July 14, 1941, a mineral lease in favor of F. C. Fontenot, who was also made a party defendant.

On September 24, 1941, the defendants, except Fontenot, filed exceptions of no right and no cause of action and a general denial. Apparently, Fontenot was dismissed as a litigant without liability for damages or costs, as in the other two companion cases, because no further reference is made to him in the trial below and here. On March 4, 1942, the other defendants entered into a compromise agreement with the plaintiff recognizing it as the owner of the fee simple title to the property, in consideration of a 1/16th royalty interest in the land and on the same day judgment approving the compromise was rendered.

The Pan-American Production Company, on October 28, 1941, filed a petition of intervention, alleging that it obtained on August 15, 1938, as assignee, from J. H. Ware, Jr., a mineral lease dated August 9, 1938, and recorded August 12, 1938, on the land in question granted to Ware by Elias Mansaur, who acquired the property by purchase from the Succession of Euphamie Ortego Guillory, deceased wife of Jean B. Guillory, on December 3, 1921; and that on June 17, 1941, intervenor and Elias Mansaur, owner of the property in question, executed a written agreement, which was recorded on June 18, 1941, wherein it was stated that the strip of land in controversy was included in the lease of 1938, subject to plaintiff's right of way.

The plaintiff and the defendants, in answers filed on April 20, 1942, to the petition of intervention, raised the issue that the land in question was excluded and excepted from the sale to Elias Mansaur on December 3, 1921, and hence intervenor's mineral lease was ineffective on this property.

There was judgment in favor of the plaintiff and against the intervenor holding that its deed of 1906 was a fee simple title and not a mere right of way or servitude on the land. The intervenor appealed.

When this case was presented here, it was consolidated with the suits of Rock Island, Arkansas & Louisiana Railroad Co. v. Mrs. Dorcile Guillory et al. and Rock Island, Arkansas & Louisiana Railroad Co. v. Armide Ardoin Gournay, et al., 17 So. 2d 17 [1] and 17 So.2d 8,[2] for the reason that the principal issue of whether the deed granted a fee simple title or a servitude was common to the three cases.

On the trial of the case on the merits, in order to show the intention of the parties to the deed of 1906, under which the plaintiff asserts its claims, it placed upon the witness stand Jean Batis Guillory, one of the grantors and a defendant in the case. Counsel for the intervenor objected to the questions propounded to him on the grounds that the plaintiff failed to plead error, fraud, or ambiguity and, therefore, parol evidence was inadmissible to vary, alter, reform, change or explain the deed, as its provisions were the best evidence and that this testimony could not be introduced against the intervenor because it had purchased the property as a third person upon the faith of the public record. The objections were referred to the merits and made general. The witness then, in substance, stated that the railroad company's representatives had not explained to him the difference between a fee simple title and a right of way or servitude but that he did not think that anything had been reserved when the sale was made. On cross-examination, he was asked, "Did you, in 1906, know the difference between sale of a right of way and a sale of a fee title?" He answered, "He asked me to buy the right of way and that I sold."

As the witness did not understand the English language, the judge had a discussion with him in French, after which the judge dictated this statement into the record: "The substance of his testimony is that when they came to make him this offer to purchase the right of way he agreed to sell, but they did not explain to him whether it was fee or right of way. The Court sees that he did not know the dif-

ference between right of way and fee title but he thought he had sold everything."

Under further cross-examination, he was asked to explain why, if he thought he had sold this land to the railroad company, he had subsequently, as owner thereof, executed a mineral lease on it in favor of F. C. Fontenot. He stated, "Mr. Fontenot came and asked me to lease that strip of land and said that he thought he could get something for it if there was, he would try to get it."

In addition to being unable to understand the English language, this witness, as well as his wife, could not write, as appears from the fact that both of them signed the deed of 1906 by making their "X" marks. At an unsuspicious time before this suit was filed and the compromise agreement with plaintiff entered into, he executed a mineral lease on the same strip of land in favor of F. C. Fontenot, and his conduct in that respect is wholly irreconcilable with his statement that he thought he did not own the property. Furthermore, when this action was filed against him on September 18, 1941, he first took the position in his pleadings that he was one of the owners of the property. Under these circumstances, even if this testimony were admissible against third parties who acquired rights on the faith of the public records, its helpfulness to the court in determining the true intention of the parties is nil. Therefore, the intention of the parties to the document must be resolved from a consideration of its own terms.

For the purpose of this case, the provisions of the deed by Guillory and his

wife in favor of the plaintiff dated July 27, 1906, are identical with those contained in the deed involved in the case of Rock Island, Arkansas & Louisiana Railroad Co. v. Armide Ardoin Gournay et al., 17 So. 2d 8,[2] except as to date, parties, consideration and land involved. The same contentions are here made and authorities relied upon by both sides as those presented in their briefs and pleadings in 17 So.2d 8,[2] and for the reasons there stated, we have reached the conclusion that the deed herein did not convey to the plaintiff the fee simple ownership of the strip of land in controversy but granted only a right of way over or servitude upon it.

The next issue is whether or not the strip of land in controversy was excluded and excepted from the public sale to Elias Mansaur on December 3, 1921. It appears that Euphamie Ortego married Jean Batis Guillory and during the community of acquets and gains existing between them they acquired on October 12, 1901, from Zenon Guillory a large tract of land in the SW½ of the SW¼ of Section 37, Township 3 South, Range 1 West, Louisiana Meridian. On July 27, 1906, Mr. and Mrs. Jean Batis Guillory executed in favor of the plaintiff for the sum of $85, the deed to the right of way. On July 25, 1907, Mr. and Mrs. Jean Batis Guillory sold to Octave Ardoin a portion of the above tract of land described as follows:

"A certain tract of land situated in the vicinity of Pine Prairie aforesaid parish and State, containing sixteen (16) acres, more or less; and *being all the land that said vendor now owns lying on the east side of the Rock Island right of way;* bounded as follows: North by Purchaser; South by Rene Dardeau, East by Rene Dardeau, *West by Rock Island right of way.*" (Italics ours.)

During the year of 1921, Mrs. Euphamie Ortego, wife of Jean Batis Guillory, died and her succession was opened and all of the assets belonging to her estate were inventoried and her husband and the children of their marriage were placed in possession as the survivor in community and heirs, respectively. On October 20, 1921, they filed a petition for the sale of all of the property, both movable and immovable, held by them as co-owners in indivision for the purpose of effecting a partition by licitation, the property being indivisible in kind. The petition described one of the pieces of land as follows: "The SW¼ of the SW¼ of Section 37, Township 3 South, Range 1 West, Louisiana Meridian, *less any portion sold to Octave Ardoin and Rock Island Railroad for right of way.*" (Emphasis ours.) It was also stated in the petition that the public sale of the property was to be made subject to an oil and mineral lease existing thereon, the purchaser to receive the emoluments of said lease. On October 26, 1921, the clerk of court, in the succession proceeding, issued a writ in which it is stated:

"To T. T. Ortego, Esq., Auctioneer, Greeting:

"By virtue of a judgment of the Hon. the Sixteenth Judicial District Court, in and for the Parish of Evangeline, La.,

---

[2] 205 La. 125.

rendered by Hon. B. H. Pavy, Judge of said court, on the petition of Jean Bts. Guillory and bearing date October 26th, 1921 you are hereby authorized and empowered to sell at public auction to the last and highest bidder after legal advertisement *all of the property of the Estate of Euphamie Ortego (Guillory), No. 427 of the Probate Docket of this Court."* (Emphasis and brackets ours.)

It was further stated that the terms of the sale were cash.

After due advertisement, the property was adjudicated at public sale to Elias Mansaur on December 3, 1921, under the following description:

"A certain tract of land, together with buildings and improvement thereon situated at Easton, Evangeline Parish, Louisiana, and being the SW¼ of SW¼ of Section 37, Township 3 South, Range 1 West, Louisiana Meridian, *less that portion sold to Octave Ardoin and the Rock Island Railroad for a right of way;* the tract here conveyed being approximately 35 acres." (Italics ours.)

From the petition for the partition by licitation and the writ issued by the clerk to the auctioneer, it clearly appears that it was the intention of Jean Batis Guillory, the surviving spouse in community, and the heirs of deceased to sell all of the property they owned in indivision. The writ of authority to the auctioneer especially so provides. Nothing is said in the petition for the partition either expressly or impliedly that the father and his children were reserving any property to themselves to be held as co-owners in indivision in the future. In short, they fully intended to sell everything they owned together. Since there was an outright warranty sale to Octave Ardoin by Mr. and Mrs. Jean Batis Guillory in 1907 of a tract of land of 16 acres there is no doubt that they obtained a fee simple title to that property lying on the east side of the Rock Island Railroad's right of way. No one is making any claim to that property in this proceeding. However, serious and justifiable claim has been made in this suit that the plaintiff railway company only obtained a right of way under its deed of 1906 and not a fee simple title. We upheld this position on the main issue herein involved and, therefore, since it was the expressed and declared intention of the parties and the court that all of the property belonging to the estate of the deceased be sold at public sale and as the surviving spouse and children did own the fee simple title to the strip of land in question over which the plaintiff had a right of way or servitude only, then that strip of land was also sold because it was a part of the tract of land held in indivision by them and sold at public auction to Elias Mansaur.

The plaintiff contends that if the railroad company acquired a right of way only, title to the strip of land in question did not pass to Octave Ardoin in 1907 because he acquired the 16 acres of land lying on the east side of the Rock Island Railroad's right of way, which was also given as the western boundary of the tract conveyed. It is then stated that title to the strip of land did not pass to Elias Mansaur in the succession sale of

1921 because the strip of land in controversy was expressly excepted and excluded from the sale. Therefore, the plaintiff concludes that title to the strip of land remained in Jean Batis Guillory and the heirs of his deceased wife and passed to the railroad company by virtue of the compromise agreement between them which was judicially recognized. Counsel is correct in saying that the tract of land sold to Octave Ardoin does not include the strip of land in controversy but they are in error when they state that the strip of land in question was excepted or excluded from the succession sale to Elias Mansaur in 1921, for it appears by the description of the property that the SW¼ of the SW¼ of Section 37, Township 3 South, Range 1 West, Louisiana Meridian, "less that portion sold to Octave Ardoin and the Railroad Company *for a right of way*," are excluded. We have already demonstrated that the Rock Island Railroad Company by its deed only obtained a right of way and, therefore, that was all that was excluded from the sale, since it otherwise appears that the parties and the court intended to sell all of the property the father and children owned in indivision. In short, as the railroad company had acquired only a right of way, the sale excepted only what it had acquired in the strip of land it occupied.

"It is a principle of universal application that grants are liberally, exceptions strictly, construed." Shell Petroleum Corporation v. Ward et al., 5 Cir., 100 F.2d 778, 779. See also Harrill et al. v. Pitts et al., 194 La. 123, 193 So. 562.

It is well settled that "When the language making an exception or reservation in a deed is doubtful, it should be construed more favorably to the grantee." 8 R.C.L. par. 151, p. 1094. See also Kansas City S. R. Co. v. Marietta Oil Corp., 5 Cir., 102 F.2d 603.

In the case of Shell Petroleum Corporation v. Ward et al., supra, the court said it would be inconceivable that the purchaser would have bought a tract of land split into two tracts by a narrow strip used as a canal. The same line of reasoning applies here. It is difficult to understand how it can now be reasonably said that the parties intended to reserve the fee simple title to the narrow strip of land occupied by the railroad's right of way "in perpetuity" and thus splitting the large tract of land sold by them to Elias Mansaur into two separate parts, when the co-owners' petition for the partition, the judgment ordering the partition, and the writ to the auctioneer authorized him to sell all of the property owned by the co-owners in indivision. It also would be most unusual to say that the purchaser intended to buy the land thus separated into two tracts when the succession proceedings authorizing the public sale of the property expressly authorized the sale of all of it, that is, everything that the parties owned in indivision.

It is our conclusion that the fee simple title to the strip of land was not reserved to Jean Batis Guillory and his children as heirs in the succession sale of 1921, but that the purchaser acquired the tract of land subject to the railroad company's right of way or servitude thereon.

The documentary evidence shows that a mineral lease was granted by Elias Mansaur to J. H. Ware, Jr., on August 9, 1938, and recorded on August 12, 1938. Ware assigned the lease to the intervenor on August 15, 1938, and the assignment was properly recorded. Whatever uncertainty or doubt that might have existed in the description of the land included in the lease insofar as Elias Mansaur and the assignee, Pan American Production Company, were concerned, was made definite and certain by the written agreement between them dated June 17, 1941, wherein it was expressly stated that the strip of land in question was included in the lease of 1938, which was fully ratified. This document was recorded on June 18, 1941. Therefore, the intervenor's lease is effective on the strip of land in question.

For the reasons assigned, the judgment of the district court is annulled and set aside, and

It is ordered, adjudged and decreed that there be judgment herein in favor of the intervenor, Pan American Production Company, and against the plaintiff, Rock Island, Arkansas & Louisiana Railroad Company, and the defendants, Jean Batis Guillory, Anna Guillory, wife of Edmond Ardoin, Camile Guillory, wife of Moise Ardoin, Auralie Guillory, Louisa Guillory, wife of Mayo Johnson, Julie Guillory, wife of Hillary Fontenot, Judeau Jean Guillory, Mathilda Guillory, wife of Aldes Deshotels, and Louis Guillory, dismissing the plaintiff's suit and recognizing the intervenor's mineral lease dated August 9, 1938, as corrected and ratified by the instrument of June 17, 1941, covering the strip of land

in question and as described in the plaintiff's petition, subject to the plaintiff Railroad Company's right of way or servitude on said strip of land; plaintiff to pay all costs of court.

O'NIELL, C. J., concurs in the decree.

17 So.2d 17