**I7 So.2d 8**

**ROCK ISLAND, A. & L. R. CO. v. GOURNAY et al.**

**No. 36974.**

Dec. 13, 1943.

Rehearing Denied Feb. 7, 1944.

See 17 So.2d 21.

See, also, 205 La. 141, 17 So.2d 13; 205 La. 154, 17 So.2d 17.

Wm. P. Hardeman, of Lake Charles, and W. W. Heard, of Tulsa, Okl., for intervener-appellant.

Barksdale & Barksdale, of Ruston, for plaintiff-appellee.

HIGGINS, Justice.

The plaintiff railroad company claiming as the fee simple owner in possession of a certain strip of land instituted this slander of title action against the heirs of Octave Ardoin and F. C. Fontenot, the mineral lessee of them. The heirs and their other mineral lessee, Stanolind Oil & Gas Company, as intervenor, filed pleadings denying that the plaintiff had a fee simple title to the land, and averring that it had a grant of a right-of-way only, that the heirs were the owners of the fee simple title, subject to plaintiff's servitude or right-of-way, and that the mineral lease of the intervenor was entered into and recorded prior to Fontenot's, thus giving the intervenor superior rights over him.

At the beginning of the trial in the lower court, Fontenot's request to be permitted to withdraw from the suit, free of any costs of court, was acceded to by all of the litigants.

The trial judge held that the instrument signed by Octave Ardoin on July 26, 1906, conveyed to the railroad company a fee simple title to the land and not merely a servitude or right-of-way thereon. The defendants and the intervenor have appealed.

This case was consolidated here with the suits entitled Rock Island, Arkansas & Louisiana Railroad Co. v. Mrs. Dorcile Guillory et al. and Rock Island, Arkansas & Louisiana Railroad Co. v. Jean Batis Guillory et al., 205 La. 154, 17 So.2d 17 and 205 La. 141, 17 So.2d 13, because the identical main issue was also involved therein.

The jurisprudence on the legal issue presented herein is not uniform throughout the United States.

Under Annotation, in 132 A.L.R. p. 149, "Deed to Railroad Company—Fee or Easement", subheading "b—Reference to right-of-way", we find:

"There are a number of ways in which some reference to a 'right-of-way' may appear in a deed to a railroad company which is in the form of a warranty deed and which contains a granting clause referring to a strip, tract, piece, or parcel of land. The instrument may be headed 'Deed to Right-of-Way;' the granting clause may be in

some such form as 'I hereby grant and convey for railroad right-of-way the following described strip of land' or 'I hereby grant and convey the following described strip to be used for right-of-way purposes;' or there may be some clause or sentence in the deed which refers to the land conveyed as a 'right-of-way'. As was pointed out, supra I, the courts are not in agreement as to the weight and effect to be given to such language in a deed which would otherwise be construed as conveying a title in fee. In some cases the view is taken that such language indicates an intention to limit the estate conveyed to a mere easement; in others it is said that such language is merely descriptive of the purpose for which the property is to be used and has no effect upon the quantum of the estate conveyed; and in others the position is taken that such language operates to make the deed ambiguous and so to permit the consideration of extraneous circumstances in arriving at the ·intention of the parties." See, also, 84 A.L.R. 271.

It is well-settled in this State that in deciding whether a fee simple title to land has been conveyed or a servitude or right-of-way thereupon has been granted by a deed, the intention of the parties thereto must be determined from the stipulations in the entire instrument, with a view of giving effect to all of the provisions therein contained and thereby avoid neutralizing or ignoring any of them or treating any of them as surplusage. Noel Estate v. Kansas City Southern & G. R. Co. et al., 187 La. 717, 175 So. 468; Hunter Co., Inc., v. Ulrich, 200 La. 536, 8 So.2d

531; Parish of Jefferson v. Texas Co. et al., 192 La. 934, 189 So. 580; Glassell v. Richardson Oil Co. et al., 150 La. 999, 91 So. 431.

In the case of Texas & P. R. Co. v. Ellerbe, 199 La. 489, 6 So.2d 556, 557, this Court said:

"The jurisprudence is well settled that the conveyance of a right of way is to be regarded as a mere servitude and not as a transfer of a fee-simple title of the land unless the deed itself evidences that the parties intended otherwise.

* * * * *

"In Moore Planting Co. v. Morgan's Louisiana & T. R. & S. S. Co., supra, 126 La. 840, 53 So. 22, 23, we said: 'A right of way may consist either of the fee, or merely of a right of passage and use, or servitude. Whether the one or the other is meant in any particular instrument must be gathered from the instrument as a whole. As a general rule, only a servitude is meant.'"

In Arkansas Improvement Co. et al. v. Kansas City S. R. Co. et al., 189 La. 921, 181 So. 445, 448, in considering the deed together with the extraneous evidence offered under a plea of estoppel to show that a fee simple title had been conveyed and not a mere right-of-way, the Court, in holding that a fee title had passed, stated:

"The courts hold generally that a reference to the land involved as 'right-of-way' or 'for railroad purposes' does not necessarily indicate that the intent was to convey a mere easement or servitude,

but that the intention must be ascertained by construing the instrument as a whole, and that in this connection extrinsic evidence may be considered."

In Gautreaux et al. v. Harang et al., 190 La. 1060, 183 So. 349, the Court had before it the question of whether or not the provisions of the notarial act of sale created an antichresis. In reaching the conclusion that the parties intended an antichresis, the Court quoted with approval from the case of Rolland's Heirs v. McCarty, 19 La. 77, where it was said:

"* * * Now we are not to presume that parties make use of words in their contracts to which they attach no sort of meaning. Some effect is to be given to every word, if possible, or rather we are rarely authorized to reject words or phrases as surplusage." See, also, Clement v. Dunn, 168 La. 394, 122 So. 122.

The controversial document reads as follows:

"Deed to Right of Way

"State of Louisiana
"Parish of St. Landry.

"I, Octave Ardoin a resident of the above Parish and State, in consideration of the sum of Eighty No/100 Dollars, the receipt of which is hereby acknowledged, and the further consideration of the enhancement in value of my adjoining lands by the construction of the railroad hereinafter mentioned, *do hereby grant, convey, sell and deliver unto the Rock Island, Arkansas and Louisiana Railroad Company, its successors and assigns in perpetuity, a strip of land, one hundred (100)* *feet in width, over and upon the following described land* situated in St. Landry Parish, State of Louisiana, to-wit:

"The North half of the Southwest Quarter of Section Thirty-seven (37), Township Three (3) South, Range One (1) West, *said right of way hereby conveyed containing 3.81 acres,* said land being bounded on the North by E. F. Wesche and on the South by John Bartis Guillory, *said strip of land* being fifty (50) feet in width on each side of the center of the main track of said railroad as the same is now located on and across said tract of land, *with the right to change water courses, and to take stone, gravel and timber and to borrow earth, on said right of way for the construction and maintenance of said railroad;* and if said railroad Company, its successors or assigns, shall deem it necessary to the proper construction of said railroad to make embankments, or cuts, or other works that require a greater width than said *right of way,* it shall have the right to make all such cuts, embankments, or other works on either or both sides of *said right of way,* but not to exceed 50 feet in width on each side of said *right of way* at any one point.

"*And in further consideration of the premises, we do hereby acknowledge the receipt in full of all compensation and satisfaction for property taken, or to be taken, and damage done, or to be done, by reason of the construction of said railroad.*

"It is understood that the said Company will pay for any buildings that may be included in their said *right of way.* If sold Company should desire to enter aforesaid

land before crops are taken off, the Co. is to pay for said crops.

"This done and signed in the presence of two attesting witnesses, the twenty-seventh day of July, 1906.

> his
> "(Signed) Octave X Ardoin.
> mark

"Attest:
 "F. N. Lebeuf
 "A. J. Himmers." (Italics ours.)

. The plaintiff offered certain extrinsic evidence for the purpose of showing the intention of the parties to the deed. It consisted of a certificate signed by the clerk of court of the parish where the property is located, in which it is stated that Octave Ardoin was assessed for eighty acres of land in the north half of the southwest quarter of section 37 for 1906, the year in which "the right-of-way" deed was granted, and for 77 acres, the subsequent year. The defendants and the intervenor objected to the introduction of this evidence for the following reasons: (1) That the certificate expresses a mere opinion and conclusion of the clerk of court and is, therefore, irrelevant and hearsay; (2) that the assessor and not the clerk of court prepared the tax rolls and he alone might be the proper party to interpret the assessments; and (3) that the tax rolls themselves or certified copies thereof are the best evidence.

The trial judge ruled that the tax rolls were the best evidence and stated that, in his opinion, the assessor had not paid any particular attention to whether the deed granted a fee simple title or a servitude. However, he referred the objection to the effect of the evidence.

■■ The clerk of the district court is not charged with the duty of preparing and keeping the tax rolls and, therefore, he is not qualified to testify as to their contents and meaning. If the clerk had been called as a witness in this case, his testimony would have been irrelevant and inadmissible because the tax rolls are the best evidence and the mere fact that he issued the certificate in question does not change the rule of evidence covering this point. State v. Edgar, 26 La.Ann. 726. Furthermore, the offering had little, if any, probative value because it was not shown that the assessment was made from any rendition by the owner and, clearly, the assessor was not attempting to interpret whether the deed conveyed a servitude or a fee title to the land.

The plaintiff did not offer any evidence to show that the railroad company at any time paid taxes on the strip of land on which it claims it had acquired the fee simple title in 1906, nor did it present any evidence to prove that the defendants did not, subsequent to 1906, resume the payment of the taxes on the 3.81 acres or the strip of land in controversy.

The plaintiff offered in evidence the testimony of Jean Batis Guillory, one of the defendants in the case of Rock Island, Arkansas & Louisiana Railroad Co. v. Jean Batis Guillory et al., No. 5617 of the docket of the Thirteenth Judicial District Court for

the Parish of Evangeline, 17 So.2d 13.[1] The purpose of this testimony was to show whether or not it was generally known or understood in the neighborhood that the parties to the deed in 1906 intended to convey a fee simple title or a servitude only to the railroad company. This testimony was objected to on the ground that it was irrelevant, immaterial, and hearsay, and the objection was maintained.

Octave Ardoin was dead at the time the case was tried and Jean Batis Guillory had no interest in the Ardoin property nor was he a party to the transaction between the railroad company and Ardoin. The mere fact that he had a like transaction with the railroad company during the year would not make his testimony admissible against Ardoin and his heirs. The ruling is correct.

The solution of the principal question involved requires a correct interpretation of the document upon which the plaintiff's suit is predicated.

Counsel for the plaintiff argue that since "the strip of land" was sold and delivered by the granting clause of the deed, the railroad company obtained a fee simple title and the other provisions contained therein were only descriptive of the uses and purposes for which "the strip of land" was to be used by the railroad company.

The attorneys for the defendants and the intervenor contend that the language of the instrument conveying "the strip of land" was limited and restricted by the phrases "over and upon" and "in perpetu-ity" and the seven right-of-way clauses appearing therein, as well as the provisions granting the railroad company "the right to change water courses, and to take stone, gravel, and timber and to borrow earth, on said right-of-way for the construction and maintenance of said railroad; * * *" and stating that the consideration in the premises was acknowledged as "receipt in full for all compensation and satisfaction for property taken, or to be taken, and damages done, or to be done, by reason of the construction of said railroad." Briefly, by taking the instrument as a whole these phrases, clauses, and provisions show that the parties to the deed intended to grant a right of passage, or servitude, or right-of-way "over and upon" the land.

It is clear that the instrument is not in the usual form of the sale of a fee simple title to land. The granting clause therein is the only one favorable to the plaintiff's position that the sale of the fee simple title to the land was intended. That clause like any other one in the deed can not be isolated and construed alone. But even the granting clause is made uncertain by the presence of the words "in perpetuity" and "over and upon". If a fee simple title were intended by the parties, these phrases were not necessary. Furthermore, these words are more consistent with a limited grant than a fee simple title, especially in view of the other subsequent qualifying provisions in the deed. The deed literally, from beginning to end, provides for a "right-of-way". These words appear seven times therein. If the parties had in mind a fee

---

[1] 205 La. 141.

title, the provision granting the railroad company "the right to change the water courses and to take stone, gravel and timber and to borrow earth, on said right of way" was also a useless and vain stipulation, because if the plaintiff intended to acquire the fee simple title to the strip of land, its right to use the property for those purposes and in those ways was a mere incident of fee simple or perfect ownership. If the railroad company meant to acquire complete ownership or a fee simple title to the strip of land, it is difficult to understand why it placed the provision in the deed protecting itself from the payment of additional compensation for property taken or the damages done by reason of the construction of the railroad. If the railroad company, by virtue of the instrument, became the fee simple owner of the 100 foot strip of land containing 3.81 acres, then it certainly could change the water courses thereon (provided it did not do damage to the adjacent landowners) and could "take stone, gravel and timber and to borrow earth on said right of way" or 100 foot strip "for the construction and maintenance of the railroad." Clearly, the company as the fee owner would not owe itself any additional compensation for property taken from or damages done to its own land. The above mentioned clauses of the deed are definitely repugnant to any idea of perfect or fee simple ownership of the land.

 On the contrary, if a right of passage, a right-of-way, or a servitude only had been granted and conveyed to the railroad company by the deed, the railroad company would not have had the right, as decided by the trial judge, to change the water courses and to take the stone, gravel, timber and earth on the 100 foot right-of-way and use it for the construction and maintenance of the railroad without paying additional compensation for the property taken or the damages done. It was to make clear that the company had those rights that these provisions were written into the deed. This explains the reason why the railroad company's representatives placed these clauses in the document. The presence of these provisions in the instrument is thus reasonably and logically explained and given effect. It we were to say as did the trial judge that the parties to the deed intended to convey to the railroad company a fee simple title, the above mentioned phrases, clauses, and provisions become mere surplusage because it was entirely unnecessary to place them in the deed. Since the law does not require it, parties, who acquire fee simple titles to land, do not enumerate the uses and purposes for which the property will be used. The uses and purposes for which the owner of a fee simple title may utilize land are practically unlimited. Therefore, to say that just because the granting clause in the deed is in the form generally found in a fee simple deed, the other clauses and provisions in the instrument are merely illustrative and descriptive of the use and purposes for which the grantee intends to utilize the land, would practically, in every case, wipe out or eliminate those clauses and provisions insofar as the grantor is concerned. This theory of construction is contrary to the rule of interpretation that the court should avoid treating clauses and provisions in an act of conveyance or deed

as surplusage or neutralizing them because it is absolutely unnecessary for the fee simple owner to place in a deed or instrument of conveyance the uses and purposes for which he intends to utilize the property. The mere fact that the form of a warranty fee simple deed is used does not necessarily resolve the question in favor of the grantee as a fee simple owner because in this State all of the provisions of the act of conveyance must be given effect and, as pointed out in the case of Noel Estate v. Kansas City S. & G. R. Co., supra [187 La. 717, 175 So., 470], "It is not uncommon for the owners of land in granting servitudes thereon to use the language and a form generally used in the sale of realty, coupled with qualifying clauses designating the servitude."

In order to show that the provisions granting the railroad company the right to use the gravel, rock, earth and timber on the right-of-way is not inconsistent with the granting of a fee simple title to the strip of land, counsel for the plaintiff cite the case of Brightwell et al. v. International-Great Northern R. Co. et al., 121 Tex. 338, 49 S.W.2d 437, also reported in 84 A.L.R. 265, under the heading "Deeds, Sec. 94—Railroad right of way—Fee or Easement". In that case there was a general warranty deed conveying to the railroad company a 200 foot in width strip of land over certain described property. The Supreme Court of Texas held that the grantor conveyed a fee simple title to the land and not an easement or right-of-way only. The provisions of the deed gave the company the right to use the earth, materials, timber, and rock found on the land. An examination of that case shows that the deed covered property other than the 200 foot strip of land conveyed, and in order to confine the taking of earth, material, timber and rock to the 200 foot strip there was interlined in the deed a clause limiting that right to the strip of land conveyed or right-of-way. The Supreme Court of Texas specifically pointed out that the purpose of placing the interlineation in the deed was not to restrict the general grant of title but merely to confine the taking of the rock, earth, etc., to the strip of land sold to the railroad company. Therefore, the case is not controlling here.

After analyzing all of the provisions in the deed and considering it as a whole, it is our opinion that a right of passage, or right-of-way, or servitude was granted to the plaintiff railroad company and not a fee simple title to the land.

For the reasons assigned, the judgment appealed from is annulled and set aside and

It is ordered, adjudged and decreed that there be judgment herein in favor of the defendants, Mrs. Armide Ardoin Gournay, Mrs. Leonia Ardoin McDaniel, Mrs. Edna Ardoin Leggett, Elied Ardoin, Mrs. Martha Ardoin Leggett, Mrs. Sophia Ardoin Conrad, Mrs. Beulah Ardoin Bolton, J. Enos Ardoin, Edmund Ardoin, Hosea Dardeau and Delmas Dardeau, and against the plaintiff, Rock Island, Arkansas & Louisiana Railroad Company, dismissing its suit and recognizing them as the owners of the property in question described in the petition, subject to the servitude or right-of-way in favor of the Railroad Company and

the mineral lease granted by the defendant heirs in favor of the intervenor, Stanolind Oil & Gas Company; plaintiff to pay all costs of court.

O'NIELL, C. J., concurs only in the decree and objects especially to the citing with apparent approval of the decision in Gautreaux v. Harang, 190 La. 1060, 183 So. 349.

17 So.2d 13