HIGGINS, Justice.
 

 This is a jactitation action instituted by the Railroad Company against the widow and heirs of Cerent Guillory and their mineral lessee, F. C. Fontenot. The plaintiff alleges that it is the owner in possession of a strip of land 100 feet wide in Evangeline Parish, and that the, defendants have slandered its title by claiming the ownership thereof.
 

 The widow and heirs of Cerent Guillory filed exceptions of no right and no cause of action.
 

 The Pan American Production Company, claiming that its leasehold rights acquired in 1938 were superior to those obtained by Fontenot in 1941, intervened in the suit, alleging that their common lessors, the widow and heirs of Cerent Guillory, were the owners of the fee simple title to the strip of land in question, subject only to the right of way of the railroad company under a deed dated August 21, 1906.
 

 The defendant Fontenot released and abandoned any rights he had by virtue of his lease and was permitted to withdraw from the case without liability for damages or costs.
 

 On March 4, 1942, a compromise agreement was entered into between the plaintiff and the defendants, the widow and heirs of Cerent Guillory, under the terms of which the plaintiff was recognized as the fee. simple owner of the property in question and the defendants were granted
 
 *157
 
 a l/16th royalty interest therein. A judgment recognizing the compromise agreement was entered the same day. On April 20, 1942, the plaintiff and the widow and heirs, in separate answers, denied that the intervenor had obtained a mineral lease from the lawful owners of the property, and averred that the railroad company had a fee simple title to the strip of land in controversy under its deed from Cerent Guillory dated August 21, 1906. They also specially pleaded that the strip of land herein involved was excluded from the oil, gas, and mineral lease executed by the widow and heirs in favor of the intervenor in 1938.
 

 The judge of the lower court decided that the deed, under which the railroad company asserts its ownership of the land, conveyed the fee simple title to it and, therefore, the strip of land was not subject to the intervenor’s lease, because the title to the land was not vested in the lessors.
 

 The intervenor appealed.
 

 As this case involved the same main issue as in the suits of Rock Island, Arkansas & Louisiana Railroad Co. v. Armide Ardoin Gournay et al., and Rock Island, Arkansas & Louisiana Railroad Co. v. Jean Batis Guillory et al., 205 La. 125, 17 So.2d 8 and 205 La. 141, 17 So.2d. 13, they were consolidated here.
 

 The plaintiff placed on the stand the defendants, Emile and Theomile Guillory, both sons of Cerent Guillory, for the purpose of showing whether or not the decedent’s family generally considered that their father had intended to, sell .to the railroad company the fee simple title to the strip of land or merely a servitude upon or right of way over it. The intervenor objected to this testimony on the ground that it would be hearsay evidence and inadmissible against the intervenor, a third party, who leased the property on the faith of the public records. The objection was maintained but the trial court made the objection and ruling general, and then permitted the testimony to be introduced so that it would be available to this Court, in the event we decided the evidence was admissible.
 

 The ruling is correct, but, even if it were not, the testimony does not shed any light on the question of the intention of the parties, because
 
 the two
 
 witnesses admitted that the members of the family had never discussed the matter. In response to the question whether there was any intention to make a reservation of any interest in the land sold to the railroad company, Emile Guillory frankly stated: “I do not know how it was sold.” Furthermore, these same parties signed the mineral lease in favor of Fontenot that included the land in question and thereby showed that they thought they and their co-heirs and co-lessors owned it. Therefore, the extrinsic evidence is in no way helpful in interpreting the deed and the plaintiff’s suit must stand or fall on the provisions of the instrument itself.
 

 It is conceded that the document in controversy, for the purposes of this case, is identical in its provisions with the deed in the suit of Rock Island, Arkansas & Louisiana Railroad Co. v. Armide Ardoin
 
 *159
 
 Gournay et al., 17 So.2d 8,
 
 [1]
 
 except that it is dated August 21, 1906, the parties thereto arc not the same, the consideration therein is $110 and the strip of land is different, although similarly described. The same points were raised in this case as in 17 So.2d 8,
 
 [1]
 
 and for the reasons therein assigned it is our opinion that the deed did not convey to the railroad company a fee simple title to the strip of land, but granted only a right of way over or servitude upon it.
 

 The special plea of the plaintiff and the widow and heirs to the intervenor’s petition that the mineral lease does not affect the strip of land involved in this suit arises from the description in the lease dated May 28, 1938, reading as follows:
 

 “A tract of land being the Southwest Quarter of the Southwest Quarter (SW^ of SW*4) of Section Twenty-five (25), Township three South (3S) Range One West (1W) and the North Half of the Northwest Quarter (N% of NW^4) less six (6) acres owned by A. Guillory in the Southwest Quarter, Section thirty-seven (37) Township three South (3S) Range One West (1W) La. Mer.,
 
 less right-of-way for Railroad,
 
 and the West Six (6) acres of the West Half (W%) of the West Half (W1/^) of the Northwest Quarter (NWj4) of the Northeast Quarter (NE%) of Section thirty-six (36), Township Three (3) South, Range One (1) West, La. Mer., containing one hundred (100) acres, more or less.” (Italics ours.)
 

 In order to show what the parties to the lease intended by the statement “ * * * less right of way for Railroad, * * * ” the plaintiff placed on the stand Emile and Theomile Guillory, defendants, who, in effect, testified that they did not consider that the railroad company belonged to them and, therefore, they did not want to lease it. Emile Guillory stated: “We only leased on each side of the railroad because we did not figure that the railroad belonged to us and, therefore, we did not want to lease.” On cross-examination both of them admitted that they intended to lease to the intervenor all of the land which belonged to them. They also admitted that they and their co-heirs had executed an instrument dated December 14, 1939, duly recorded, whereby they and other adjoining land owners as mineral lessors and the intervenor as lessee definitely fixed the location and boundaries of their respective properties, including the land in question.
 

 The intervenor introduced in evidence its lease and the document giving the correct description of the land and a plat from which the descriptions were taken and it was stipulated that if the representative of the intervenor, J. M. Lily, who handled the lease of 1938 and the agreement of 1939, were placed on the stand, he would testify that the purpose of the instrument of December 14, 1939, was to make certain and definite the description of the land included in the intervenor’s mineral lease of May 28, 1938, and that the intervenor, as lessee, intended to obtain, through its
 
 *161
 
 lease, the mineral lease on all of the land owned by the widow and heirs of Cerent Guillory, including the strip of land in controversy.
 

 In the boundary agreement dated December 14, 1939, between the mineral lessee and the defendants, it is expressly declared that one of its purposes was to make certain and definite the boundaries of the lands described therein. Attached to the agreement and made a part thereof is a “Plat of Re-survey” showing the width of the highway 60 feet and the width of the railroad right of way 100 feet, and the line is drawn through both the highway and the railroad right of way without any break, and the description in the boundary agreement is by metes and bounds and gives the dimensions on the south side as 2181.3 feet and on the north side, 889.8, thus showing that the Guillorys considered that they owned the strip of land upon which the railroad company had its right of way and intended to include it in the mineral lease of 1938.
 

 Any doubt that might have existed as to whether the widow and heirs intended to include the strip of land over which the railroad company had its right of way in the lease was made clear by the boundary agreement, for we find nothing in that document which excepts or excludes any part of the land but on the contrary the whole tract is included therein.
 

 Counsel for the intervenor cited Kansas City S. R. Co. v. Marietta Oil Corp., 5 Cir., 102 F.2d 603, where the railroad company claimed the fee simple ownership of a strip of land 100 feet in width through certain property. The court had before it for interpretation the clause “less a right of way 100 feet in width reserved for the Kansas City, Pittsburgh & Gulf Railroad Company through said land, * * The United States District Court of the Western District of Louisiana, 22 F.Supp. 279, held that the vendor intended to reserve “the title to the strip of land on which [the] plaintiff had its right of way.” In annulling the decision of the district judge, the United States Circuit Court of Appeal of the Fifth Circuit stated:
 

 “ * * * We think there can be no doubt that such result was neither intended nor accomplished. What was intended and what was accomplished by the deed was to sell to Parker the whole 40 acres, the S.W.]4 of the N.W.^4 the deed described, subject to the railroad right of way. * * *
 

 “In Shell Petroleum Corporation v. Ward, 5 Cir., 100 F.2d 778, we have had recent occasion to give careful consideration to and to declare the effect of instruments and situations of this kind. As we there pointed out, descriptions such as the one in question here are, with almost complete uniformity, construed as not intending to reserve, and not reserving anything, in the grantor, but on the contrary, as passing to the grantee the whole of the tract described, subject only to the easement.”
 

 In the above cited case of Shell Petroleum Corporation v. Ward, supra [100 F.2d 779], the Court said:
 

 “It is a principle of universal application that grants are liberally, exceptions
 
 *163
 
 strictly, construed against the grantor. * * *
 

 “This principle is especially vigorous in operation, where, as here, a construction is contended, for which would produce the unreasonable result of splitting into two pieces a tract of land, which existed as one tract, subject only to an easement, and which, in reason, must be considered to have been conveyed as such, and not to have been split into separate parts, with a thin wedge of land between.” See, also, Harrill et al. v. Pitts et al., 194 La. 123, 193 So. 562.
 

 In the instant case, we reiterate, whatever doubt, if any, that might have existed in the original lease concerning the exclusion of the strip of land in question was certainly clarified by the document entered into between the parties in December 1939. It is our conclusion that the strip of land involved was included in the intervenor’s mineral lease, but the lessee’s rights were subject to the plaintiff’s servitude or right of way.
 

 As the lease and the instrument making certain and definite the description of the land included therein were both entered into and recorded prior to the time that the plaintiff railroad company and the widow and heirs of Cerent Guillory executed the compromise settlement in this suit, the intervenor’s rights, under its mineral lease, are in no way adversely affected thereby.
 

 For the reasons assigned, the judgment of the district court is annulled and set aside and
 

 It is ordered, adjudged and decreed that there be judgment herein in favor of the intervenor, Pan-American Production Company, and against the plaintiff, Rock Island, Arkansas & Louisiana Railroad Company, and the defendants, Mrs. Dorcile Guillory, widow of Cerent Guillory and his heirs, Emile Guillory, Dolsey Guillory, Polaris Guillory, wife of Ermogene Deshotels, Lucedia Guillory, wife of - McDaniel, Eve Guillory, wife of Ide Guillory, Theomile Guillory, Dillard H. Guillory, Alibe Guillory, Edius Guillory and Lilius Guillory, dismissing the plaintiff’s suit and recognizing the intervenor’s mineral lease dated May 28, 1938, as corrected by the instrument of December 14, 1939, covering the strip of land in question and as described in the plaintiff’s petition, subject, however, to the plaintiff railroad company’s right of of way or servitude on said strip of land; the plaintiff to pay all costs of court.
 

 O’NIELL, C. J., concurs in the decree.
 

 [1]
 

 205 La. 125.