PER CURIAM.
 

 Counsel for the plaintiff in the applications for rehearings in these cases complain of the following isolated statement in the opinion:
 

 “On the contrary, if a right of passage, a right-of-way, or a servitude only had been granted and conveyed to the railroad company by the deed, the railroad company would not have had the right, as decided by the trial judge, to change the water courses and to take the stone, gravel, timber and earth on the 100 foot right-of-way and use it for the construction and maintenance of the railroad without paying additional compensation for the property taken or the damages done.” 205 La. 137, 17 So.2d 12.
 

 We are referred to several common law authorities, as follows:
 

 Hall v. Delaware, L. & W. R. Co., 270 Pa. 468, 113 A. 669, 21 A.L.R. 1128:
 

 “The condemnation of a right of way for a railroad includes the right to remove the earth, sand, and gravel necessary for the grading of the road, without further compensation to the owner of the fee, if they are not sold or given away by the railroad company.”
 

 44 Am.Jur. 346, Railroads, § 133:
 

 “A railroad company acquiring a right of way has the free and perfect use of the
 
 *167
 
 surface of the land so far as is necessary for all its purposes, and the right to use as much above and below its surface as may be needed.”
 

 44 Am.Jur. 356, Railroads, § 142:
 

 “The general rule is that a railroad is entitled to remove any material found upon its right of way, such as earth, gravel, stone, etc., when the safety or convenience of the road requires such removal, and also to appropriate so much of the material to its own use as is reasonably necessary for the proper construction and maintenance of its road * * *; but, where a railroad has only an easement in its right of way, it cannot lawfully sell or give away such material * * * or convert it to any use other than railroad purposes.”
 

 With these authorities as a predicate, plaintiff’s attorneys argue that even if it be conceded that the grant were a right of way or servitude only, the company would have had the implied rights to change the water courses and to take stone, gravel and timber and to borrow earth on the right of way for the construction and maintenance of the railroad, and therefore the presence of the clause in the deed granting the railroad company those rights without additional compensation for property taken or damage done is not in any way helpful in determining whether the parties to the instrument intended a fee simple title or merely the grant of a servitude.
 

 Revised Civil Code, Articles 722, 772 and 774 read, respectively, as follows:
 

 “722. The right of passage or of way, is a servitude imposed by law or by convention, and by virtue of which one has a right to pass on foot, on horseback, or in a vehicle, to drive beasts of burden or carts through the estate of another.
 

 “When this servitude results from the law, the exercise of it is confined to the wants of the person who has it.
 

 “When it is the result of a contract, its extent and the mode of using it is regulated by the contract.”
 

 “772. He to whom a servitude is due, has a right to make all the works necessary to use and preserve the same.”
 

 “774. The owner of the estate, to which the servitude is due, has the right to go on the estate which owes the servitude with his workmen, in the place where it is necessary to construct or repair the works necessary for the exercise of the servitude, to deposit there the materials necessary for those works and the rubbish made thereby, under the obligation of causing the least possible damage and of removing them as soon as possible.
 

 “Nevertheless, if in the act establishing the servitude, it is said that the owner to whom it has been granted can not construct works in order to exercise it, or can only construct them in a certain manner, this agreement must be observed.”
 

 In the instant cases, the servitude or right of way resulted from a contract between the parties and not by mere operation of law. The extent and mode of using the servitude is governed by the provisions in the agreement. Whether or not the conventional grantee. would have had the implied accessory rights to use the earth, stone, gravel and timber on the 100
 
 *169
 
 foot strip of land to the extent and manner provided for by the written stipulation in the deed is a matter that might have resulted in a controversy between the parties, their successors or assigns. Therefore, we followed the above quoted statement of the opinion with the observation that “It was to make clear that the company had those rights that these provisions were written into the deed.” These provisions were significant in determining the real intention of the parties to the document, because, we reiterate, if they intended to create a fee simple title in the railroad company, the presence of those stipulations in the instrument were entirely unnecessary. If the representatives of the grantee were of the opinion that the railroad company, its successors or assigns as owner of the servitude, would have the right to change the water courses and to use the stone, gravel, timber and earth on the 100 foot right of way for the construction and maintenance of the railroad without paying additional compensation for them, and without being liable for damages done or property taken, this clause would not have been inserted in the deed. We did not mean that the owner of a servitude or right of way would not be entitled to certain implied accessory rights resulting from the contract because accessory rights necessary to carry the servitude into effect need not be mentioned in the act creating it. Patout v. Lewis, 51 La.Ann. 210, 25 So. 134. But the extent and mode of using a conventional servitude is regulated by the contract creating it. We repeat that the question of what is needed or necessary for the proper establishment, use and continuation of the servitude may well result in a difference of opinion and litigation between the grantor and the grantee. Therefore, the reason why the grantee had the stipulations in question placed in the instrument.
 

 As to whether or not an easement or right of way under the common law and a servitude or right of way under our law are legally identical in all respects, we express no opinion.
 

 In any event, if the statement in the opinion objected to by the plaintiff were eliminated, it would not affect the soundness and correctness of our conclusion that the deed in question granted a servitude only and not a fee simple title.
 

 It will also be observed that the deed not only granted the 100 foot right of way in question but an additional right of way on each side of the 100 foot right of way not to exceed 50 feet in width on either side thereof. This provision clearly and unmistakably granted only a right of way or servitude and not a fee simple title to this additional strip of land. The grantee and its successors and assigns were granted the right, if they deemed it necessary for the proper construction of the railroad to use this additional land for cuts, embankments and other works without the payment of additional compensation for property taken or damages done. Can it be reasonably stated that it was the intention of the railroad company’s representatives to acquire a fee simple title to the 100 foot strip of land and merely a servitude or right of way to the additional 50 foot strip on each side of the main grant of right of
 
 *171
 
 way? We do not think so. The provisions in the deed negative any such idea.
 

 The same complaint was made on rehearing in the two other consolidated cases entitled Rock Island, Arkansas & Louisiana Railroad Co. v. Mrs. Dorcile Guillory et al. and Rock Island, Arkansas & Louisiana Railroad Co. v. Jean Batis Guillory et al., 17 So.2d 17,
 
 [1]
 
 and 17 So.2d 13,
 
 [2]
 
 because the identical main issue was also involved therein.
 

 For the reasons assigned,'the applications for rehearings in this case and in each of the above cases are denied.
 

 [1]
 

 205 La. 154.
 

 [2]
 

 205 La. 141.