201 So.2d 376 (1967)
WELSH SOUTHERN OIL COMPANY, Inc. et al., Plaintiffs-Appellants,
v.
SCURLOCK OIL COMPANY, Inc. et al., Defendants-Appellees.
No. 2056.
Court of Appeal of Louisiana, Third Circuit.
July 19, 1967.
*377 J. Barry Mouton and Bernard & Bernard, by Louis Bernard, Lafayette, for plaintiffs-appellants.
Liskow & Lewis, by Richard E. Gerard, Stockwell, St. Dizier, Sievert & Viccellio, by Oliver P. Stockwell, Scofield, Cox & Bergstedt, by John B. Scofield, R. Poinsett Johnson, Lake Charles, Bean & Rush, by James W. Bean, Lafayette, Knight & Knight, by Herschel N. Knight, Jennings, Carrol Van Geffen, New Orleans, Jones, Kimball, Harper, Tete & Wetherill, by J. Norwell Harper, Lake Charles, Adam G. Nunez, Lake Arthur, for defendants-appellees.
Before TATE, SAVOY and CULPEPPER, JJ.
TATE, Judge.
By this suit, the plaintiffs pray to be recognized in the right to possession of a six-acre tract, including their right to an accounting from the proceeds of mineral production therefrom. The defendants deny the plaintiffs' possession and allege possession in themselves.[1]
The plaintiffs appeal from summary judgment dismissing their suit.
The plaintiffs are heirs of Merlin T. Smedley and the mineral lessee of these heirs. By this suit they contend they were never divested of ownership of a 6-acre strip across the north edge of property *378 formerly owned by Smedley, being a railroad right of way 200 feet wide by 1320 feet long.
The central contention of the plaintiffs' suit is that, when Smedley's wife sold the 86-acre parent tract in 1901 to Davidson et al., this 1901 conveyance expressly did not include the railroad right of way. The defendants are the descendants in title of Davidson et al. and their mineral lessees. The plaintiff descendants thus contend that they, as Smedley's heirs, still own the unconveyed land (subject to the railroad right of way) and, most pertinently, the share of mineral production attributable to this surface acreage.
Essentially, the plaintiffs' central contention is founded upon the language of the 1901 conveyance by Mrs. Smedley to Davidson et al. This warranty deed described the property conveyed as an 86-acre tract[2] "subject to and less a right of way 200 feet wide across said land for La. W. R. R. Co." See Exhibit 8, Tr. 134. The plaintiffs contend that their ancestors in title, the Smedleys, reserved by this excepting clause their title to the land itself across which the servitude of right of way existed in favor of the railroad company.
However, the trial court held that the deed by which Mrs. Smedley sold to Davidson et al, the 86-acre tract "subject to and less a right of way", conveyed the entire acreage described, subject only to a servitude of right of way across itthat the excepting clause reserved only the servitude from the conveyance, and not the land underlying it.
In so holding, the trial court correctly relied upon decisions which under similar circumstances held that the conveyance of land subject to and less a right of way did not except from the conveyance the land described, but only a servitude across it. Rock Island A. & L. R. Co. v. Guillory et al., 205 La. 141, 17 So. 2d 13; Sohio Petroleum Co. v. Hebert, La.App. 3 Cir., 146 So.2d 530. These decisions are based upon the general principle applicable that, where the language making an exception or reservation in a deed is doubtful, it must be construed most favorably to the grantee, as well as upon the principle that in construing conveyances the term "right of way", in the absence of other indication, generally denotes a servitude only rather than also the surface acreage across which the right of way passes. See also Esso Standard Oil Co. v. Texas & New Orleans Railroad Co., La. App. 3 Cir., 127 So.2d 551.
We affirm the trial court's holding and its disposition of this central issue of the litigation.
The plaintiffs-appellants also make a strong contention that summary judgment was improperly granted, in view of the strong burden upon the mover for such summary relief to negative any possible genuine issue as to material fact. LSA-C.C.P. Art. 966; Roy & Roy v. Riddle, La. App. 3 Cir., 187 So.2d 492.
The plaintiffs note that the defendants are relying solely upon the chain of title, and that extrinsic evidence might be admissible to weaken the efficacy of the instruments relied uponfor instance, to resolve in the plaintiffs' favor the possible ambiguity arising from the excepting of the right of way from the conveyance, in order to prove that the Smedleys reserved title to the land under the right of way and not merely the servitude across it.
At the hearing on the motion for the summary judgment, counsel for the plaintiffs-appellants was offered by the trial court, and refused, an opportunity to enter any affidavits, pleadings, or evidence in *379 opposition to the showing made by the movers for such summary disposition. Tr. 167. Counsel's position was that the plaintiffs-appellants relied upon their memorandum of law. Tr. 167.
The mere possibility that an opponent could raise a factual issue does not defeat a summary judgment, if the opponent does not in fact do so. As specifically provided by a 1966 amendment to LSA-C.C.P. Art. 967, an opponent to a summary judgment "* * * may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him."
That is, in the absence of controverting parol evidence if admissible, the instruments relied upon show, without contradiction, that the defendants have title to the disputed strip. The circumstance that the title shown might possibly be rebuttable by opposing evidence does not defeat a summary judgment, unless the opponent makes some showing that there is indeed a factual dispute concerning the validity of the apparently good title shown.
We therefore affirm the trial court holding that, under the uncontradicted showing of the defendants-appellees, there is no genuine issue of material fact in dispute casting doubt upon their title to the disputed strip. Consequently, summary judgment in their favor is proper.
The plaintiffs-appellants also raise certain other issues concerning the validity or admissibility of documents in the defendants' chain of title, including a power of attorney and also a dation en paiment by which Smedley had earlier conveyed the parent tract to his wife, as well as the use of abstractor's records to prove transactions as to which the original records were destroyed in the 1910 burning of the Calcasieu Parish Courthouse.
In an extremely well written opinion, the trial court correctly disposed of these objections. In affirming the trial court's disposition of these contentions as correct, we see no need for this court to restate undisputed legal principles clearly applicable and clearly determinative of the issues thus raised.
For the foregoing reasons, the judgment of the trial court dismissing the plaintiffs-appellants' suit is affirmed, at their cost.
Affirmed.
NOTES
[1] For the limited purpose of showing their possession "as owner", see LSA-CCP Art. 3661(3), the defendants set forth their own chain of title. The plaintiffs contend that the defendants' assertion of title for such purposes converted the defendants' defense into a petitory demand, with the consequent burden upon the defendants to prove title against the world. See LSA-CCP Art. 3657. (But see also the excepting clause of the article provided by its first sentence, as well as Haas Land Co. v. O'Quin, La.App. 3 Cir., 187 So.2d 208.) It is unnecessary to discuss this argument since we conclude that, whatever the burden upon the defendants, they have proved their ownership of the disputed strip for the reasons set forth in the opinion below.
[2] In the conveyance the exact description of the property conveyed is shown as follows: "East Half of the South West Quarter of Section No. Twenty-seven (27) Township Nine S.R. Five W.La., Mer. containing 85 99/100 acres more or less."