PRICE, Judge.
This is a suit in which plaintiffs pray to be recognized as owners of a strip of land situated within a railroad right-of-way which was recently abandoned and is located in Caddo Parish, Louisiana.
The heirs of Gustavus Hendrick, by cash deed dated March 24, 1913, and recorded in Book 83, Page 224 of the Conveyance Records of Caddo Parish, Louisiana, conveyed a tract of land in Caddo Parish to Charles W. Rinehart, Jas. P. Evans, and W. C. Evans. The description of the property recited in the deed which is pertinent to this litigation reads as follows:
“The south half of the South Half of Section nineteen (19), the north half of Section thirty (30) less the right of way of the Texas and Pacific Ry., containing four hundred and sixty six and fifty nine hundredths acres (466.59) * * *; all of the above described lands located in Township sixteen north range fourteen (14) West, Caddo Parish, La. * * * ”
During 1966 the Texas and Pacific Railway Company abandoned this particular right-of-way. By the terms of the instrument by which the right-of-way was originally granted this company lost all of its rights and interest in the right-of-way when it stopped using it for railroad purposes. Plaintiffs, heirs of Gustavus Hen-drick, brought this suit against Texas and Pacific Railway and the present record owners of the property conveyed in the 1913 deed, alleging that they are the owners of the property which was situated within the bounds of the right-of-way. Their reasoning is that this property was never conveyed by them or their ancestors in title because it was specifically excluded from the above-mentioned deed.
After suit was filed, the Texas and Pacific Railway executed and filed an instrument acknowledging the abandonment of the right-of-way and relinquished any claim to this property. They were thereafter dismissed as a party to the action. One of the defendants, Regina Taylor Houck, filed an exception of no cause and no right of action, alleging that the 1913 deed divested the Hendrick family of any interest in the property. From the judgment sustaining the exception and dismissing their suit, plaintiffs have perfected this appeal.
The sole issue to be resolved is whether or not the 1913 deed divested the vendors of the fee title to the property located within the bounds of the railroad right-of-way.
The holding of the trial court is in accord with the longstanding jurisprudence of this state.
*747 In Kansas City Southern Ry. Co. v. Marietta Oil Corp., 102 F.2d 603 (5 Cir., 1939), the Court of Appeals, Fifth Circuit, in interpreting a Louisiana deed, held that “less a right of way 100 feet in width reserved” meant simply that an easement was established and that all of the property described in the deed, including that under the right-of-way, was conveyed.
In Green v. Chamberlain, La.App., 60 So.2d 120 (1st Cir., 1952), the First Circuit was interpreting a deed which conveyed 320 acres “less eighty eight and thirty one hundredths (88.30) acres taken by Atchaf-alaya levee board for levee purposes; * * * ” The Court in comparing this description with the one found in Rock Island, A. & L. R. Co. v. Guillory, 205 La. 141,17 So.2d 13 (1943) stated:
“We can find no valid distinction between the description contained in the cited case and the one at bar. The Supreme Court held therein that title was transferred to the vendee, subject to a servitude in favor of the railroad. This being the latest expression by our Supreme Court on the matter, we feel constrained to follow it and consequently hold that plaintiff’s title was sufficient for him to have possession of the whole tract by virtue of his possession of a part.”
In Welsh Southern Oil Co. v. Scurlock Oil Co., La.App., 201 So.2d 376 (3d Cir., 1967), the deed conveyed an 86-acre tract “subject to and less a right of way of 200 feet * * *.” The Court held that the deed conveyed the entire tract subject only to a servitude, and that the deed did not except from the conveyance the land under the servitude. Although the deed in the Welsh case contained the additional words “subject to” as well as “less”, we believe it is substantially in point with the instant case.
We believe the jurisprudence establishes a rule of property to be employed when a deed to immovable property conveys certain realty “less” a certain “right of way.” Under this rule the entire tract described in the deed, including the land under right-of-way, is conveyed. The mention of the right-of-way under these particulars operates as an acknowledgment of the existence of the right-of-way servitude and thus removes it from the vendor’s warranty. The vendors under such a deed are stripped of all vestiges of ownership in the property conveyed, and such clauses are not ambiguous under the settled jurisprudence of this State.
For the foregoing reasons we hereby affirm the judgment of the district court sustaining defendant’s exception of no cause and no right of action and dismissing plaintiffs’ claim for ownership of the following described property:
Beginning at a point which is 1776 feet West of the Southeast corner of the Northeast Quarter of Section 30, proceed thence in a Northwesterly direction across the North Half of Section 30 and the South Half of the South Half (S 54 of S )4) of Section 19 to a point which is 2,944.7 feet East of the Northwest corner of the Southwest Quarter of the Southwest Quarter (SW 54 of SW 54) of Section 19; proceed thence North 89° 54' West 150 feet; proceed thence in a Southeasterly direction across the South Half of the South Half (S 54 of S 54) of Section 19, and the North Half (N 54) of Section 30, to a point which is 1,926 feet West of the Southeast corner of the Northeast Quarter (NE 54) of Section 30; proceed thence to the point of beginning, all of said tract being located in Sections 19 and 30, Township 16 North, Range 14 West, Caddo Parish, Louisiana.
Costs of this appeal are assessed to appellants.