(122 So. 122)

No. 29544.

### CLEMENT v. DUNN.

March 25, 1929. Rehearing Denied April 22, 1929.

Cullen R. Liskow, of Lake Charles, and Val Irion, of New Orleans, for appellant.

John B. Fournet, of Jennings, Gus A. Llambias, of New Orleans, and Chappuis & Chappuis, of Crowley, for appellee.

On Appellee's Motion to Fix Case for Argument Before Another Case Pending.

BRUNOT, J. The plaintiff in this suit and his wife, Mrs. Marie Anais Doucet, joined the present defendant as plaintiffs in a suit against the Gulf Refining Company of Louisiana et al., to annul an oil and mineral lease executed by Jules Clement, Sr., and his said wife, in favor of S. A. Spencer & Co., affecting fractional sections 46 and 49, township 9 south, range 2 west, Acadia parish, La.

The said suit was filed in the Fifteenth Judicial district court on October 3, 1927. On May 18, 1927, approximately five months before that suit was filed, the plaintiff signed an act, which, it is alleged, purports to be a sale, to defendant, of fee simple title and mineral interest in the aforesaid land. On October 17, 1927, the plaintiff and his wife, Marie Anais Doucet, as coplaintiffs in the suit of Jules Clement, Sr., et al. v. Gulf Refining Company et al., filed a motion in said suit in which they alleged:

"That since the filing of the above suit they have ascertained that the said suit is unfounded both in law and in fact, and

"That for said reason they desire to withdraw as plaintiffs in said suit, and to have their demands therein dismissed."

On the same day the foregoing motion was filed, plaintiff instituted the present suit, wherein he alleges that the said act of May 18, 1927, purports to be a sale of the fee and mineral interest of the plaintiff in the property, to the defendant, and he attacks that act upon the grounds of fraud, misrepresentation, etc.

The motion of the plaintiff and his wife, Marie Anais Doucet, to withdraw as plaintiffs in the suit against the Gulf Refining Company et al., and to have the demands they made in that suit dismissed, as to them, was excepted to by the defendant in this suit. In due time this exception was heard and overruled, and judgment was rendered dismissing that suit as to Jules Clement and his said wife. From this judgment the defendant in this suit appealed. After the appeal was perfected and the transcript was filed, the defendant applied to this court and obtained an order placing the case on the preference docket. A motion was made to remand the case. This motion was heard and denied. In the meantime, the present case was tried in the district court, and, from a judgment of that court annulling the purported act of sale from Clement to Dunn of date May 18, 1927, the defendant appealed. Upon the lodging of the transcript of appeal in this court, the plaintiff filed the following motion in both of said cases, viz.:

"Now into this Honorable Court, through his undersigned counsel, comes Jules Clement, Sr., appellee in the above numbered causes, and, on suggesting that at the instance of Lindsey H. Dunn, appellant, the said causes have been advanced and placed on the preference docket of this Court, respectfully moves that in fixing the said causes for argument, that of Clement v. Dunn, No. 29544, be ordered fixed first, so that the same may be heard and finally disposed of before that of Jules Clement et als. v. Gulf Refining Co. of La. et als., No. 29078, is fixed for argument, and for cause of this motion your mover respectfully shows:

I.

"That, as will appear by reference to the judgment in the cause No. 29544 (Tr. p. 209) and the reasons for said judgment (Tr. p. 203), the judgment therein appealed from is in favor of your mover, decreeing that a certain Notarial Act of May 18, 1927, whereby your mover apparently sold to said Dunn the undivided one-fourth of a tract of land in Acadia Parish, is null, void, and of no effect, ab initio, the reasons for said judgment being (a) that the signature of your mover to said purported act of sale was obtained by the misrepresentation and fraud of said Dunn, and (b) that said Dunn himself, in his answer (Tr. p. 31) admitted that it had never been the intent of your mover to sell him any part of said land;

II

"That, as will appear by reference to the Transcript of appeal in the said cause No. 29078, and as is alleged and admitted by the said Dunn in paragraph 1 of his motion to place the said cause No. 29544 on the preference docket of this Court, the cause of action therein was predicated upon the validity and existence of the said purported act of sale, and upon the consequent joint ownership of said land by your mover and the said Dunn, and

III

"That if the judgment appealed from in the cause No. 29544,—setting the said act of sale aside as null, void, and of no effect, is correct, the foundation of the cause No. 29078 entirely fails and the appeal therein is automatically disposed of without the necessity of examining and disposing of the questions presented therein; and your mover says that the discussion and consideration of those questions would involve a waste of time and money, unless and until it is definitively decided by your Honorable Court that the judgment annulling and rescinding the said purported act of sale is incorrect.

"Wherefore, your mover prays that after due notice to Liskow & Irion, opposing counsel, it be ordered by your Honorable Court

that this motion be granted, and, consequently, that it be ordered that, in fixing the said causes for argument, that of Clement v. Dunn, No. 29544, be fixed first, so that the same may be heard and finally disposed of before that of Jules Clement et al. v. Gulf Refining Co. of La. et als., No. 29078, is fixed for argument."

A rule to show cause why these motions should not be granted, issued in each case. No return has been made to either rule, and the matter is submitted in that form.

■ We have considered the record in both cases and find that the motion to hear and determine the issues presented in the case of Jules Clement, Sr., v. Lindsey H. Dunn, No. 29544 of the docket of this court, by preference and prior to the assignment and submission of the case of Jules Clement et al. v. Gulf Refining Company of Louisiana et al., No. 29078 of the docket of this court, is well founded, and, for the reasons stated in the motion, it is ordered that the rule issued herein be perpetuated, and that this case be fixed for argument, and that it be heard and disposed of by preference and before the case of Jules Clement et al. v. Gulf Refining Co. of Louisiana et al.,[1] 169 La. ——, 124 So. ——, No. 29078 of this court's docket.

### On the Merits.

THOMPSON, J. On May 18, 1927, the plaintiff and defendant executed an instrument before a notary and three witnesses, the first and concluding part of which purported to sell to the defendant an undivided one-fourth interest in 106 acres of land.

The intervening provisions and declarations of said instrument evidenced a sale only of an undivided one-fourth interest in and to all oil, gas, and other minerals which may be pro-

duced from 30 acres of said land below a depth of 2,200 feet, and a one-fourth interest in all of the oil, gas, and other minerals which may be produced from 76 acres of said land without regard to the depth from which such oil, gas, or other minerals may be produced.

Assuming that the said instrument conveyed a fourth interest in the land together with the minerals, the plaintiff filed this suit to have said instrument decreed to be null and void in its entirety and as conveying neither the land nor the minerals.

In the original petition it is alleged that there was no meeting of the minds because the defendant, Dunn, represented to petitioner that he (petitioner) was selling only the minerals in the land, whereas it was intended on the part of said Dunn to acquire the fee simple to the land.

In a supplemental petition it is alleged that petitioner's signature to the instrument was obtained by fraudulent representations of said Dunn as to the contents of same.

That the said Dunn well knowing that petitioner could not read or write when called upon to read and explain the said document, the said Dunn pretended to read the whole instrument, but purposely withheld that portion which conveyed the fee.

The defendant by answer denied the allegations of fraud and misrepresentation, and denied that the instrument conveyed a fee simple interest in the land, and averred that the act conveyed, and was only intended to convey, an undivided interest in the minerals.

In the alternative it is averred that, if it should be held that the instrument evidenced a sale of an interest in the land, then there was a mutual error, and that the said instrument should be reformed so as to express the intent of both parties, which was the sale and purchase of an undivided interest only in the minerals.

---

[1] Opinion not available, but see Table of Cases Reported in subsequent volumes.

There was judgment in the court below annulling the instrument and ordering the price paid, which was $5,300, returned to the defendant.

█ It appears that some time before the act of sale was signed the matter had been discussed by the plaintiff and defendant in the presence of Dr. Martin, a close friend and advisor of the plaintiff, and the two grown sons of the plaintiff. It was there agreed that the plaintiff was to sell to the defendant an interest in the minerals of the land described.

Thereafter the attacked instrument was prepared at the instance of defendant. Before going before the notary the document was read by Dunn in the presence of the plaintiff, the plaintiff's two sons, Dr. Martin, and a Mr. Bruce.

The witnesses do not agree on the fact as to whether the entire instrument was read. The plaintiff's witnesses say that the part purporting to convey an interest in the land was omitted by Dunn. While on the other hand Dunn and Bruce say that the entire instrument was read by Dunn.

We are not disposed to attach any importance to this disputed issue. It is a fact undisputed that one of the plaintiff's sons had a copy of the deed, read it over, and asked Dunn concerning that part which purported to convey the land when he was told by Dunn that an interest in the minerals only was conveyed. The plaintiff then asked his son to read the deed to him in French and explain its terms, which was done by the son. This fact is further judicially admitted by the plaintiff in the fourth paragraph of his supplemental petition, wherein it is alleged:

"That petitioner had one of the witnesses (plaintiff's son) to explain him the contents of the said purported act of sale in French which the said Dunn had pretendedly read in full and that the said witness explained to

petitioner that he was selling mineral rights only." In view of these facts we are unable to perceive how the plaintiff could have been deceived as to what he was signing, or misled as to the contents of the document.

The conclusion is inescapable that the plaintiff was as fully informed as to the terms of the document as he would have been had Dunn read the whole to him.

Under these circumstances it was impossible for Dunn to have practiced any deception on plaintiff by omitting a part of the document.

The question may well be asked how Dunn could have expected to deceive the plaintiff by failing to read all of the instrument, when the plaintiff had his friend and his two sons to guard his rights, all intelligent men and some of whom actually held copies, and one of them actually read and explained the same to the plaintiff.

We are not impressed with the charge of fraud, concealment, and misrepresentation.

The evidence and the circumstances attending the negotiations and the final execution of the instrument show very clearly that the plaintiff only intended to sell, and the defendant to buy, an interest in the minerals.

█ There was already an outstanding lease of the minerals, and on the very day of the sale to the defendant the plaintiff executed a power of attorney in favor of defendant, authorizing him to sue in their joint names for the annulment of such prior lease.

In this power of attorney the plaintiff expressly declared that he was the owner of the said land, and that he had on that day sold and conveyed an interest in the oil, gas, and other minerals to L. H. Dunn, and that the said Dunn is now the legal owner and holder of an undivided interest in and to the oil, gas, and other minerals under said land, as more particularly set out in the mineral deed from

Jules Clement, Sr., to L. H. Dunn of even date herewith.

It was provided that, after the said L. H. Dunn shall have received back all expenses incidental to the suit, Clement should receive three-fourths and the said Dunn shall receive and retain one-fourth of such amounts as may be received by Dunn in compromise with the said prior lessees.

This power of attorney was accepted by Dunn in writing "with all its conditions and provisions," and was a complete recognition and ratification of the sale of the minerals from Clement to Dunn.

■ And not only this, the power of attorney evidenced the construction and interpretation which the parties themselves placed on the deed, which was that such deed conveyed the minerals only and not the land.

In view of this interpretation by both parties, it does not lie in the power of either to claim that the act conveyed the land as well as the minerals.

■■ But, aside from this, we are of the opinion that the deed itself when considered as a whole does not convey title to the land. It is quite true, as we noted in the beginning, the first clause of the deed conveys an undivided one-fourth interest in the land and likewise the concluding clause, "to have and to hold the above described land unto the said L. H. Dunn," etc.

If these two clauses were accepted as controlling to the exclusion of all other parts of the deed, then we would say that the instrument evidenced a sale of the land. But the instrument must be taken as a whole and effect given to all of its provisions if possible, in order to arrive at the intent of the contracting parties.

A construction which neutralizes one or more provisions of a written instrument should not be adopted if the contract is sus-

ceptible of another, which gives effect to all of the provisions. Glassell v. Richardson Oil Co., 150 La. 999, 1007, 91 So. 431, 434.

"A contract containing several clauses, evidencing a business agreement between the contracting parties, is to be viewed as a whole and the intentions of the parties gathered from all the parts thereof, to the end of giving practical effect to the instrument in the way in which such contracts are ordinarily understood." Lozes v. Sugar Co., 52 La. Ann. 1844, 28 So. 249.

Following the words which we said evidenced a sale of the land are the following provisos:

(1) "It being distinctly understood and agreed that this sale, delivery and conveyance includes an undivided one-fourth part or interest in and to all oil, gas and other minerals which may hereafter be produced from said 30 acre tract of land from any and all formations below said depth of 2200 feet, it being intended hereby to convey to the said L. H. Dunn a one-fourth part of all oil, gas and other minerals under said 30 acre tract of land, from a strata or depth below the 2200 foot level as well as a one-fourth part of the oil, gas and other minerals produced from the north 76 acres, regardless of the depth or strata from which said oil, be produced. The said Dunn to have the right of ingress and egress at all times for the purpose of taking said minerals.

(2) "It is distinctly understood and herein stipulated that said land has been leased for oil, gas and mineral purposes * * * by which the grantor herein reserved unto himself a royalty of one-eighth of the oil and certain royalties and rentals for gas and other minerals and that grantee (herein) shall receive a one-fourth part of the royalty and rentals provided in said lease and he shall likewise have a one-fourth part of any and

all delay rentals which may be paid to me under the terms of said lease; and in the event said oil, gas and mineral lease now existing on said land shall be cancelled, forfeited or abandoned and any future lease or leases be given on said land the grantee shall have one-fourth part and interest in any bonus money received by the grantors in any future lease or leases; the grantee L. H. Dunn shall receive under such future lease or leases, if any, a one-fourth part of all royalties retained and received on account of the oil, gas and other minerals taken and sold under any such lease or leases."

These provisions when taken into consideration along with the other provisions show very clearly that it was a one-fourth interest in the minerals which was conveyed, and not the land.

Any other construction placed on the instrument would ignore entirely these provisos.

If it was the intention to convey the land, there would have been no necessity whatever to refer to the minerals, for as a matter of law the mineral rights would have followed the sale of the land.

Then again, why provide for the privilege of entering on the land to take the minerals if the defendant was to be part owner of the land? The law would have given him that right.

And again, if the defendant was to become the owner of one-fourth of the land, why provide that, if the existing lease was terminated, the defendant was to have one-fourth of the royalties from any future leases made by the grantor? The grantor could not have made any future lease of the whole, if defendant was the owner of one-fourth of the land.

Our conclusion is that the instrument under attack conveys only an undivided interest in the oil, gas, and other minerals, and does not convey a fee simple title to the land.

There is, therefore, no necessity for any decree reforming the document so as to make it conform to the intent of the parties; that intent being evident from the instrument itself and the circumstances attending its execution.

The judgment appealed from is reversed, and the demand of the plaintiff is rejected, with costs of both courts taxed against him.