LAND, Justice.
 

 This case was submitted upon an agreed statement of facts, Tr. 32, which shows that:
 

 On March 14, 1908, the defendant, Crawford, Jenkins &. Booth, Ltd., acquired the
 
 *760
 
 S.E.14, W.% of N.E.1/4, E.i/2 of N.W.%, and’N.E.14 of S.W.14 of Section 18; the N.E.J4 of N.E.14 of Section 19; and the N.% of N.W.14 of Section 20, Township 16 North, Range 11 West, Bossier Parish, Louisiana, and immediately went into possession of the same. The map attached to the opinion of the trial judge (Tr. 57) correctly shows the acreage, except that the trial judge omitted the N.E.14 of S.W.14 of Section 18.
 

 On October 19, 1917, Crawford, Jenkins & Booth, Ltd., by a single deed sold the surface of the above property to R. H. and and W. C. Raines but reserved all of the oil, gas and other minerals on, in and under the property, with right of ingress and egress, for discovery and production of the minerals. Crawford, Jenkins & Booth, Ltd., in 1937, sold W. A. Haynes an undivided one-half of the mineral reservation, and W. A. Haynes, in 1937, sold W. M. Phillips an undivided two-nineteenths of the reservation.
 

 J. G. Levy, plaintiff, has succeeded to all of the rights of R. H. and W. C. Raines.
 

 On October 5, 1915, Crawford, Jenkins & Booth, Ltd., leased all of the above land to Atlas Oil Company for mineral exploitation and, on October 24, 1916, it in turn assigned the lease to Gulf Refining Company in so far as it applied only to the N.E. }4 of N.E.14 of Section 19.
 

 On February 1, 1917, Atlas Oil Company assigned the lease, except as to the Gulf’s 40 acres, to the Louisiana Gas & Fuel Company, and that company completed a gas well on the property on February 9, 1919. That company and its successors drilled, other gas wells on the property. None was-drilled on the 120 acres here involved, theN.E.14 of the N.E.1/4 of Section 19, and. the North % of N.W.14 of Section 20, Township 16 North, Range 11 West, Bossier Parish. Gas has been produced from', the property through these wells continuously from February 9, 1919, to date of trial, of this suit. Some of the wells have beem abandoned but, at all times,- some well or wells have been producing.
 

 The lease has been released as to all of-the property except the S.% of the S.E.^ and the N.E.14 of the S.E.14 of Section 18..
 

 A new lease has been executed by Crawford, Jenkins & Booth, Ltd., W. A. Haynes, and W. M. Phillips to Skelly Oil Company covering the N.E.14 of the N.E.14 of Section 19 and the N.% of the N.W.^ of Section 20.
 

 Plaintiff sues to have decreed lost for-non-user during ten years the servitude reserved by Crawford, Jenkins & Booth, Ltd.,, above described, in so far as it applies to-the N.E.14 of the N.E.14 of Section 19 and. the N.i/2 of N.W.J4 of Section 20, and. pleads the prescription of ten years liberan— di causa under Articles 789, 796, 3529 and.. 3546 of the Revised Civil Code. None of the wells was drilled on these 120 acres..
 

 The case was submitted on the ■ agreed, statement of facts and there was judgment in favor of defendants, Crawford, .Jenkins &: Booth, Ltd., W. A. Haynes and W. M. Phillips, recognizing these parties as the owners of all the mineral rights in and to theN.E.J4 of the N.É.14, of Section 19 and the:
 
 *762
 
 N.% of N.W.x/4 of Section 20, Township 16 North, Range 11 West, Bossier Parish; recognizing the Skelly Oil Company as having a good and valid mineral lease affecting such property; rejecting the demands of the plaintiff, J. G. Levy, and dismissing the suit at his cost. Plaintiff has appealed.
 

 When Crawford, Jenkins & Booth, Ltd., in 1917, sold R. H. Raines and W. C. Raines the four hundred odd continuous and contiguous acres of land by one instrument and in that instrument reserved all of the-mineral rights on the entire tract, they thereby created a single servitude, and the entire servitude was capable of being kept in force and effect by use of any part of it, so long as not more than ten years elapsed between one use and another.
 

 In Lee et al. v. Giauque, 154 La. 491, at page 493, 97 So. 669, at page 670, this court said: “We are of opinion that the exercise upon any part of a continuous tract of land of a servitude extending over the whole tract preserved the servitude over the whole for the reason that there is but one servitude on the whole tract.” See, also, Patton v. Frost Lumber Industries, 176 La. 916, 147 So. 33; Connell v. Muslow Oil Co., 186 La. 491, 172 So. 763.
 

 The servitude has been used continuously since the completion of the first well on February 9, 1919, and is still being used. Such being the case, the entire servitude is still in force and effect.
 

 When Crawford, Jenkins & Booth, Ltd., sold the land to the Raines, reserving all of the mineral rights, there was a lease on the property part of which was owned by the Atlas Oil Company and part by the Gulf Refining Company. The Gulf’s 40 acres divided the Atlas’ portion of the lease into two noncontiguous parts, 80 acres of which were situated in the N.% of the N.W.J4 of Section 20, and the remainder in Section 18.
 

 The contention of plaintiff is that this division of the lease by Atlas Oil Company, made prior to the sale of the surface to the Raines, operated in such way that Crawford, Jenkins & Booth, Ltd., although reserving all of the minerals on a continuous tract by one instrument, nevertheless reserved three separate servitudes on three separate and.distinct tracts as follows:
 

 1. A servitude covering the land in Section 18 under lease to Atlas.
 

 2. A servitude covering the N.E. of the N.E.J4 of Section 19 under lease to Gulf.
 

 3. A servitude covering the N.% of N.W. of Section 20 under lease to Atlas.
 

 And, in order to sustain such contention, plaintiff cites Keebler v. Seubert, 167 La. 901, 120 So. 591; Arent v. Hunter, 171 La. 1059, 133 So. 157; Frost Lumber Industries v. Union Power Company, 182 La. 439, 162 So. 37; and Cox v. Acme Land & Inv. Co., 192 La. 688, 188 So. 742. However, as a matter of fact, in each of the four cases cited there was a reservation of the minerals on separate non-contiguous tracts, and not on one continuous and contiguous tract, as in the case at bar, and this court held that there were as many servitudes as there were separate tracts and that drilling interrupted the running of prescription only up
 
 *764
 
 on the tracts drilled. The contention of the plaintiff is therefore without force.
 

 We find no error in the judgment appealed from by plaintiff.
 

 Judgment affirmed.
 

 FOURNET, J., dissents.