EE BLANC, Justice.
This suit was initially instituted as one to try title to real estate as it was alleged that neither of the claimants to the land was in possession. Such a suit is provided for under Act 38 of 1908. It having appeared, however, by an exception, that the defend.ant-corporation was in actual possession of •.the property, plaintiffs, by way of supplemental pleadings, waived the form of pro■ceeding they had adopted and converted it into a petitory action. An exception of no •cause of action having been sustained in the lower court and judgment rendered therein dismissing their suit, they took this .appeal.
The property in contest is described as two tracts or parcels of ground situated in .a' subdivision of the city of Baton Rouge and known as Suburb Magnolia. The par•cel described as Tract “A” measures 40.3 feet fronting on Magnolia Street and lies .adjacent to what is now Nicholson Drive, by approximately 222.67 feet along that highway, the line adjoining the highway converging to such an extent that the rear line measures 18 feet in width. Tract “B” ■consists of the east half of a forty foot strip of land which had been formerly dedicated for use as a public road, immediately .adjacent to the lot just described. Its use for a road was abandoned and it appears to be conceded that its ownership is to be controlled by the ownership of Tract “A”.
In their petition plaintiffs aver that the defendant claims to own the two tracts of land by virtue of an act of exchange with the Police Jury of the Parish of East Baton Rouge on December 17, 1948 and which is of record in the Conveyance Records of that Parish. They further aver that the Police Jury was without right, title or interest in the said property when it transferred the same and that defendant is without right, interest or claim in and to the said property.
The Police Jury apparently claimed title to the land by virtue of an act of sale dated April 26, 1934 from two of the plaintiffs herein and which was ratified by the third a few weeks subsequently. Plaintiffs all claim however, that the purported sale was in fact nothing more than a servitude granted by them to the Police Jury as a right of way for constructing a road or highway and as that part of the property described as Tract “A” was never used for such purpose the servitude was extinguished by non-use during the ten year period from the date on which it was granted and has prescribed according to the provisions of Art. 789 of the Revised Civil Code. The direct issue- which is presented therefore is whether the deed of April 26, 1934 conveyed a fee simple title to the land or was it merely the grant of a servitude which became extinguished by non-usage during ten years. In order to determine the issue *504 it becomes necessary to refer briefly to some of the history leading to the transfer of the property to the Police Jury of East Baton Rouge Parish in April 1934.
More than a year prior, on March 14, 1933, a meeting of the Police Jury was held to consider. laying out a new Parish road leading from the southern limits of the city of Baton Rouge to the campus of Louisiana State University. The importance of and the necessity for such a road was stressed and a statement was made by John J. Mundinger, Civil Engineer, who had made a map of a proposed road, to the effect that such road could be constructed at an expense on the part of the Police Jury for gasoline, oil, etc., only, inasmuch as the State would hard-surface it and labor would be furnished by the Federal Relief Committee. He further stated that all rights of way had been given with the exception of two small strips.
After considerable discussion the Police Jury adopted an ordinance providing for the laying out of the road and appointed a jury of free-holders of the Parish to trace and lay out the road and assess such damages as may be sustained by any person through whose land it may run, all in accordance with the provisions of Sec. 3369 of the Revised Statutes of 1870, now Revised Statutes 48:492 of 1950. Apparently on the same day, on motion of one of the police jurors, a sum not to exceed $2000.00 was set aside “from the allocation to Wards One and Two, Road and Bridges, for carrying out the ordinance as adopted.”
At a subsequent meeting of the Police-Jury on April 11, 1933, the jury of freeholders which had been appointed presented their written report in which they recommended the route traced on theMundinger map for the proposed road and further recommended that a right of way, 80 feet in width, be established in order to-provide for a boulevard type of highway. The report also contains the 'following-statement: "It is our understanding that, practically all of the right of way along the-route herein recommended has been promised and assured without cost. For that reason we recommend at this time, that right of way deeds be secured from these-property owners, and that we meet at some-date in the near future to assess the damages, if any, on the unsecured right of: way.”
This is the last action that was placecL of record by the Police Jury under the-proceedings which had been initiated under the provisions of Sec. 3369 of the Revised Statutes of 1870.
More than a year afterwards, on April! 26, 1934, there was placed on record in the Conveyance Records of the Parish of East Baton Rouge, a deed bearing all the-earmarks of a valid act of sale, for cash,, from Fred Arbour, Mrs. Ida Arbour Knox, and Mrs. Lena Arbour Ham, the plaintiffs-in this suit, to the Police Jury of East *506 Baton Rouge Parish, of a tract of land measuring 120.7 feet on Magnolia Street in Magnolia suburb by a depth of 222.67 feet on the east, along Fourth Street, and 223.83 feet on west side, the rear line measuring 98.4 feet in width. It readily appears that a tract so described includes the parcel which is described as Tract “A” in plaintiffs’ petition.
As we have indicated the deed contains all of the recitals of a perfect sale and conveyance of a fee simple title to land. It has the usual transfer and delivery clause, with all lawful warranties and full substitution and subrogation to all rights and actions of warranty against all preceding owners and vendors. Even the usufruct upon a portion of the property which is held by one of the vendors is included in the transfer. The consideration is clearly expressed as being the sum of $600.00 in cash receipt of which is duly acknowledged by the vendors, and the necessary U. S. Revenue Stamp is attached and cancelled. There is nothing ambiguous about the deed itself and if it is to be construed as anything else than an outright sale of the property described it would be necessary to hold that all of its recitals are controlled either by a map or blueprint which is annexed to it or a clause referring to a proposed highway to be constructed over it, or by both the map and that clause. It is the contention of the plaintiffs that. the map, especially, which is a part of the deed, evidences the intention of the parties to convey and accept a right of way and thus created a servitude only, because the map has the following legend written on it: “Plat showing Right of Way of the Baton Rouge-L.S.U. Highway across property of Fred Arbour.” They also contend that the clause to the effect that the embankment of the proposed highway to be constructed over the property is not to exceed a given height is a further indication of the intention of the parties.
Plaintiffs are correct in stating that the opening or laying out of a road under the provisions of Sec. 3369 of the Revised Statutes of 1870 has the effect of vesting in the Police Jury of the Parish only a right of passage or a servitude over the land, the fee remaining in the owner of the soil. That was held in Paret v. Louisiana Highway Commission, 178 La. 454, 151 So. 768 and affirmed in Police Jury of the Parish of St. James v. Borne, 198 La. 959, 5 So.2d 301. Their contention would most probably have to be sustained had the Police Jury in this case, which had initiated proceedings under that provision of the Revised Statutes, continued along that course and terminated them. But as far as the pleadings and the annexed documents annexed to them reveal, the proceedings which it had originated along that line on March 14, 1933, appear to have ended abruptly on April 11, 1933 and the next thing we find is the act of sale by the plaintiffs more than a year thereafter *508 in which they convey the fee title of their property to the Pólice Jury. Certainly it cannot be said that all .that was acquired by the Police Jury was a right of passage or a servitude over their land under the provisions of the statute. In the case of Parish of Jefferson v. Texas Co., 192 La. 934, 960, 189 So. 580, the Court stated that in a situation with facts similar to those that are presented in this case, parties who had sold to the Parish the fee title to their property will not be heard to contend that -the only authority of the Parish was to acquire a servitude.
But we need not rely on the general powers of a Police Jury in order to maintain the right of the Police Jury of East Baton Rouge Parish to have acquired the fee title .to the property in this case for in 1933 and 1934 when the proceedings and actions which gave rise to this litigation took place, there was a specific law in effect which empowered police juries "to expropriate and otherwise acquire any private property within or without their limits, for any of the purposes for which they are organized, * * (Emphasis supplied.) That grant of power is to be found in Sec. 1 of Act 5 of the Extra Session of 1928. Whilst it is true that that law was subsequently repealed by Act 419 of 1938, R.S.1950-33:462, its provisions were applicable to the facts in this case and moreover it is to be noted that the Act of 1938 carries the same grant of power.
This leads us to the consideration of the direct issue that is presented in the case which involves the construction that is to be given to the deed that was executed by the plaintiffs to the Police Jury on April 26, 1934. Is there anything in the deed itself which evidences that the parties intended to transfer a fee simple title to the property therein described rather than grant a servitude over it? The rule is that the conveyance of a right of way is generally meant to be merely a servitude “unless the deed. itself evidences that the parties intended otherwise.” Texas & Pacific Ry. Co. v. Ellerbe, 199 La. 489, 6 So. 2d 556, 557.
In this case the deed itself clearly evidences a conveyance of the fee title and must be so construed unless, as counsel for plaintiff contends, the map that is attached to it or the clause in it having reference to a proposed highway, or both, classify it as a servitude.
The only mention that is made of the map in the deed is in the statement following the description of the property and which reads : “Being the south-eastern portion of Square Two Hundred eight-two (282) Suburb Magnolia, all as shown on blue print made by John J. Mundinger, C. E. on March 16, 1933, and hereto attached”. The description given of the property is apparently according to a survey that had been made by Mundinger and which is reflected on the map and nothing would be *510 more reasonable than, having this map available, the parties should have referred to it and attached it to the deed for the sake of further identifying the property that was being transferred. The legend at the foot of the map to the effect that it is a plat showing a right of way for a proposed highway does not give any weight to the contention of plaintiffs that the parties thereby evidenced an intention contrary to the positive recital of the deed. The statement in the deed having reference to the map and the map itself shows that it was made on March 16, 1933. There is no doubt that it was the result of Mundinger’s survey of the proposed highway which the jury of free-holders had recommended to the Police Jury on April 11, 1933, but which recommendation for some reason that does not here appear, was never carried out as far as this particular property is concerned, under the proceedings that had then been instituted.
Neither, in our opinion, does the clause in the deed bearing reference to the proposed highway to be constructed over the property, effect any of its. vital recitals showing that the parties intended to convey or vest full title of .the. land in the Police Jury. Again, we say there is no doubt but that the intention was to run the proposed highway over this property, as indeed it so developed, and all that the plaintiffs did in having this clause inserted in the deed was to protect their remaining property adjacent to the one that was being sold against too high an embankment or grade on which the proposed highway would be constructed.
We conclude therefore that neither the caption in the map that is annexed to the deed nor the clause in the deed itself has any effect whatever in ascertaining the intention of the parties. We repeat that the deed, in all respects, contains all the essential recitals of. a valid act of sale in which the fee-simple title of the land was. conveyed, and it is not disputed that at the time of the sale the consideration of $600.00 which was paid represented its actual value. We might mention also that as an -added evidence of their intention to-perfect a sale of the property, the parties, had the notary before whom the deed was-executed, affix and cancel the required U. S. documentary revenue, stamp. This would not have been necessary had the deed conveyed merely a servitude as the plaintiffs, now belatedly contend.
The judgment appealed from correctly disposed of the issues presented in the case and for the reasons herein stated it stands affirmed at the costs of the plaintiffs, appellants.