HAMITER, Justice.
 

 
 *147
 
 •' In this concursus proceeding plaintiff, the Gulf Oil Corporation, deposited in the registry of the district court funds ($17,-192.93) derived from the production of oil, during the period from March, 1950 through November, 1955, on a certain 30 acre tract of land located in Acadia Parish; and it cited the two groups of conflicting claimants thereto, they being referred to hereinafter as the Jules Clement heirs and the Danforths, respectively.
 

 The district court rendered judgment favoring the Clement heirs, and the Danforths are appealing.
 

 By an instrument dated May 18, 1927 Jules Clement, Sr., as landowner, sold, granted and conveyed unto L. H. Dunn the following:
 

 “ * * * an undivided J4 part and interest in and to all that certain lot,‘tract or parcel of land described as fractional section 46, Township 9 south — range 2 west situated in the Evangeline oil field in the Parish of Acadia, State of Louisiana, containing 106 acres more or less, excluding, saving and reserving from this sale, conveyance, and deed, however, all oil now being produced- or hereafter to be produced to a depth of 2200' on the south 30 acres of the tract of- land above described, said 30 acres being defined and described by running a line parallel to the south side of said fractional section 46, Township 9 south — range 2 west, Acadia Parish, Louisiana, at such a place as to contain south of such dividing line 30 acres of land; it being distinctly understood and agreed that this sale, delivery and conveyance includes an undivided part or interest in and to all oil, gas and other minerals which may hereafter be produced from said 30 acre tract of land from any and all formations below said depth of 2200 feet, it being intended hereby to convey to the said L. H. Dunn a 'J4 part of all oil, gas and other minerals under said 30 acre tract of land produced from a strata or depth below the 2200' level as well as a J4 part of the oil, gas and other minerals produced from the north 76 acres, more or less, of said fractional section 46 regardless of the depth or strata from which said oil be produced and I, Jules Clement, Sr., do hereby grant unto the said L. H. Dunn the right of ingress and egress at all times for the purpose of taking said minerals.” (Although some of the quoted language would seem to indicate the transfer of an interest in the land itself this court, in a prior suit, held that by the deed only a mineral interest was sold and conveyed. See Clement v. Dunn, 168 La. 394, 122 So. 122.)
 

 Through mesne conveyances such mineral interest was acquired by the Danforths who assert in this proceeding that there resulted from the 1927 sale one servitude on the entire 106 acres, less any oil produced from the upper 2,200 feet of the south 30 acres
 
 *149
 
 thereof, and that it has continuously since been in existence.
 

 Countering, the Clement heirs contend that by the conveyance their ancestor created two servitudes, one being on the north 76 acres of the 106 acre tract and the other on the remaining south 30 acres; and that the servitude on the last mentioned acreage (from which the disputed oil was produced — some from above and some below the 2,200 foot level) expired by reason of nonuse for more than ten years between August 1, 1938 and October 17, 1949. In this connection,' however, they concede that if the transaction resulted in the creation of only one servitude on the 106 acre tract, as the Danforths assert, there were drilling operations conducted on the north 76 acres thereof during such period (both above and below the 2,200 foot level) sufficient to interrupt prescription on the entire acreage, including the south 30 acres.
 

 We do not agree with the contention of the Clement heirs that two separate servitudes resulted from the 1927 mineral deed. Since the year 1923 our jurisprudence has uniformly enunciated and adhered to the principle of law that if a definite mineral interest is granted (or reserved) by a single instrument covering the whole of a continuous tract of land only one servitude is craated thereby, and the proper exercise of it on any part of the tract interrupts the accruing of prescription as to any and all of the remaining portion. Lee v. Giauque, 154 La. 491, 97 So. 669; Arent v. Hunter, 171 La. 1059, 133 So. 157; Levy v. Crawford, Jenkins & Booth, Limited, 194 La. 757, 194 So. 772; Ohio Oil Co. v. Cox, 196 La. 193, 198 So. 902; Hodges v. Norton, 200 La. 614, 8 So.2d 618, and Lenard v. Shell Oil Co., Inc., 211 La. 265, 29 So.2d 844. And by the single deed in question in the instant cause a one-fourth mineral interest was conveyed on the whole of the continuous 106 acres. Hence, there resulted but one servitude which permitted the grantee to go on any part of the entire tract to explore for and remove oil.
 

 It is true that the grantor excluded and reserved from the sale “ * * * all oil now being produced or hereafter to be produced to a depth of 2200 feet on the south 30 acres * * But, in our opinion, this exclusion or reservation had no effect on the nature of the interest granted. Obviously, it did not restrict the grantee’s right to go on the entire tract to exercise his servitude; it merely provided a limitation respecting the ownership of the oil recovered from the south 30 acres. It, in other words, amounted to nothing more than an agreement that the grantor would be entitled to and would receive royalties for the oil produced by the grantee or others from that portion of the south 30 acre tract above the 2,200 foot level.
 

 
 *151
 
 In support of their above stated contention the Clement heirs rely primarily on Cox v. Acme Land & Investment Co., Inc., 192 La. 688, 188 So. 742; Ohio Oil Co. v. Ferguson, 213 La. 183, 34 So.2d 746 and Long-Bell Petroleum Co., Inc. v. Tritico, 216 La. 426, 43 So.2d 782. However, each of those cases involved a dissimilar factual situation and is therefore inappropriate here.
 

 Alternatively, the Clement heirs argué that even though one servitude resulted from the 1927 conveyance the parties themselves effectively divided it on April 6, 1938 by entering into a written contract with the lessee which dealt with only the south 30 acre tract. And in support of the argument they cite Spears v. Nesbitt, 197 La. 931, 2 So.2d 650 and Elson v. Mathewes, 224 La. 417, 69 So.2d 734. Concededly, those cases are authority for' the legal principle, as stated in the brief of counsel for the Clement heirs, that “There is no law prohibiting the landowner and the mineral owner from entering into a contract with each other whereby a division or reduction of a servitude results.” However, the instrument relied on contained no language which might produce the suggested result. It was merely an agreement, obviously for the benefit and protection of the lessee, as to how royalty payments should be prorated (between the mineral grantee and Clement) for oil produced on the south 30 acre tract from sands both above and below the 2,200 foot level.
 

 As a further alternative counsel for the Clement heirs maintain that because of allegations made by Dunn (the Danforths’ ancestor in title) in Clement v. Dunn, supra, the Danforths are estopped from denying that two servitudes were created. The primary issue in the former case was whether the iiistrument executed by the parties in 1927 conveyed a land interest or merely a mineral servitude on the property described, and our examination of the pleadings of Dunn therein does not reveal that any of his allegations constituted an admission or declaration that two servitudes were in fact, or were intended to be, created by the conveyance.
 

 For the reasons assigned the judgment appealed from is annulled and set aside insofar as it rejected the demands of the Danforths, namely, Donald Danforth, Mrs. Randolph Danforth Compton and the Texas National Bank of Houston, Texas, and decreed that their mineral interest or servitude bearing on the south 30 acres of that certain lot, tract or parcel of land described as fractional Section forty-six (46), Township Nine (9) South, Range Two (2) West, situated in the Evangeline Oil Field in the Parish of Acadia, State of Louisiana, containing one hundred and six (106) acres, more or less, has prescribed for nonuser and has reverted to the-
 
 *153
 
 Clement heirs, namely, Pauline Clement Miller, Ovena Clement Miller, Louis Clement, Anna Clement Miller, Remie Clement, Oveia Clement Navarre, Ersin Clement, Don L. Clement, Laurent Clement, Alice Andrepont Clement, Paul Clement, Ann Clement Norris, Aline Clement Hug and Judith Ann Clement, they being the present owners of and entitled to all funds deposited by plaintiff in the registry of the district court.
 

 The plea of prescription of ten years liberandi causa filed by the Clement heirs is now overruled, and it is ordered, adjudged and decreed that the single servitude created on the above described 106 acres through the instrument executed May 18, 1927 by Jules Clement to L. H. Dunn, and now owned by the Danforths, is in full force and effect as to the south 30 acres in question, subject however to the right of the Clement heirs to receive the oil royalties on all oil produced therefrom above the 2,200 foot level.
 

 It is further ordered, adjudged and decreed that the funds deposited in the registry of the court be distributed among the Clement heirs and the Danforths ratably according to their aforeannounced respective interests, and that for the purpose of ■determining the proper and correct distribution and of making it the cause be remanded to the district court (according to plaintiff’s petition, the disputed oil was produced from both above and below the 2,200 foot level).
 

 All
 
 costs
 
 of
 
 the
 
 district court are to be paid out of the funds deposited in the registry of the court and charged to the interest therein to which the Clement heirs are entitled. The Clement heirs shall also pay the costs of this court.
 

 The judgment appealed from is affirmed insofar as it discharges plaintiff, the Gulf Oil Corporation, from liability respecting the fund deposits made by it.
 

 FOURNET, C. J., recused.