168 So.2d 479 (1964)
J. L. SPIER, Plaintiff-Appellee,
v.
Myrtis Davis BARNHILL et vir, Defendants-Appellants.
No. 1269.
Court of Appeal of Louisiana, Third Circuit.
October 27, 1964.
*480 Gahagan & Gahagan, by Russell E. Gahagan, Natchitoches, for defendants-appellants.
John P. Godfrey, Many, for plaintiff-appellee.
Before TATE, FRUGÉ, and CULPEPPER, JJ.
TATE, Judge.
A mineral lessee sues to recover the $1112.50 consideration paid by him to obtain the lease. He was awarded judgment, and the defendant lessors appeal.
The mineral lessee was awarded return of the consideration on the ground that the defendant lessors did not own the minerals under the lease leased by them, title to which they had expressly warranted. The trial court held that the leased land was still subject to a 1927 mineral reservation by the defendant landowner's ancestor in title, which mineral interest had been interrupted by mineral production since 1933 from another portion of the ancestor's original parent tract.
In 1927 the Bowman-Hicks Lumber Company had sold some twenty-three thousand *481 acres of land to another lumber company, reserving all the minerals under the tract in question. This is the mineral reservation which the plaintiff contends has deprived the defendant-lessors to any title to the minerals under the 44.5 acre tract leased by them. The defendant landowner's tract was originally severed from the parent tract in 1932; it is located in Section 3 of the township and range in question.
In 1933, under lease from Bowman-Hicks of the minerals reserved by it, a producing well was brought in on another portion of the parent tract. The well is situated in Section 2, immediately adjacent to the landsection in which the defendants' acreage is situated. Production in paying quantities has been maintained from that well since that date to the present. It is user by this production which the plaintiff contends had interrupted prescription against the Bowman-Hicks mineral servitude, and which thus has prevented the defendant landowner from obtaining title to the minerals under the leased premises.
The defendant-lessors contend, however, that this production did not interrupt prescription because their own leased tract is non-contiguous with the portion of the parent tract from which production was obtained. The defendants argue that a parish road along their boundary separates their land from the other portion of the parent tract upon which production had been obtained.
The following settled principles of Louisiana mineral law are applicable:
Where the minerals are sold or reserved on a continuous tract of land, a single mineral servitude is created. Therefore, drilling or production thereafter from any part of this servitude is a user which interrupts prescription as to the entire extent of the servitude. Also, the mineral servitude continues to affect the entire parent tract, even though the surface title is subdivided after the original servitude is created.
On the other hand, where the minerals are sold or reserved on several non-contiguous tracts, even though under one deed, then a different servitude is created for each non-contiguous tract. Drilling or production on any one of such tracts then interrupts prescription as to that tract alone. A parent tract is separated into separate and non-contiguous tracts by a right of way or road owned in fee by the state or another party than the landowner; but this division into separate tracts does not result when the right of way or road is merely a servitude or right of passage over the land, which does not divest the parent-tract owner of his naked title to the land over which the servitude passes, and which thus does not divide his continuous ownership of the naked title to the entire tract.
See: Gulf Oil Corp. v. Clement, 239 La. 144, 118 So.2d 361 (general principle); Goree v. Midstates Oil Corp., 205 La. 988, 18 So.2d 591 (road servitude only); Hunter Co. v. Ulrich, 200 La. 536, 8 So.2d 531 (canal right of way servitude only); Calhoun v. Ardis, 174 La. 420, 141 So. 15 (railroad right of way divided tract because naked title or fee granted, not servitude); Lee v. Giauque, 154 La. 491, 97 So. 699 (parent case); Collins v. Hunter, La. App. 2 Cir., 128 So.2d 911. See also: Daggett on Louisiana Mineral Rights (Rev. ed., 1949), Section 21, p. 102; Nabors, The Louisiana Mineral Servitude and Royalty Doctrines, 25 Tul.L.Rev. 154, 173-174 (1951); Moses, The Preservation of Servitudes by User on Contiguous and Non-Contiguous Tracts in Louisiana, 16 Tul.L. Rev. 258 (1942).
The defendant-lessors do not deny that production from the well on Section 2 has since 1933 interrupted prescription of the mineral servitude as to any portion of the parent tract contiguous to the Section 2 lands. They do contend, as previously noted, that their own 44.5 acre tract in Section 3 is not contiguous to such because it is separated from it by a parish public road. It is argued that therefore the 1927 *482 mineral reservation created a separate and distinct servitude as to their own non-contiguous 44.5 acre tract, and that no drilling or production in the area within this servitude has interrupted prescription prior to lapse of the prescriptive period.
The substantial preponderance of the evidence shows that this gravelled parish road substantially follows the course of what was a woods trail until 1938-1940; that no right of way or deed was ever granted divesting the landowners of their title to the land within the roadway; but that in 1938 to 1940 the parish police jury commenced to work, improve, and maintain this roadway. Under these circumstances, the roadway was tacitly dedicated as a public road when the local governing authorities were permitted to work and maintain it for a period of three years, LSA-R.S. 48:491, Wyatt v. Hagler, 238 La. 234, 114 So.2d 876; but the public acquired only a servitude or right of passage over the land by this tacit dedication, with the landowner retaining the naked title to it, Goree v. Midstates Oil Corp., 205 La. 988, 18 So.2d 591. See also: Ham v. Strenzke Realty Co., 218 La. 499, 50 So.2d 11; LeBoeuf v. Roux, La.App. 3 Cir., 125 So.2d 444.
Thus, even assuming that (as contended) the parish road was in existence at the time the Bowman-Hicks mineral lease was granted, nevertheless, for present purposes, the parish road servitude abutting the defendant landowner's acreage in Section 3, does not divide such acreage from the remainder of the parent tract (including the portion on which the producing well was drilled in Section 2), so as to create non-contiguous tracts upon which different servitudes were created at the time the minerals were reserved when the parent tract was sold. There being but a single indivisible mineral servitude affecting the entire portion of the parent tract with which we are concerned, drilling and production on either side of the parish road constituted user and an interruption of prescription as to the portions of the parent tract on both sides of this servitude road. The Supreme Court held to the same effect, in rejecting contentions similar to those now raised by the defendants-appellants. Goree v. Midstates Oil Corp., 205 La. 988, 18 So.2d 591, previously mentioned.
For the foregoing reasons, we affirm the judgment of the trial court in favor of the plaintiff-lessee and holding the defendants-lessors liable for return of the consideration received by them for the lease of minerals to which they held no title although they had expressly warranted their title to them. The costs of this appeal are to be paid by the defendants-appellants.
Affirmed.