## CIRCUIT COURT OF NELSON COUNTY

Walter A. Rippey
and Nancy Delores Rippey

    v.

Steatite Co.
and S. Vance Wilkins, Jr.

June 15, 1992

Case No. CH-3036

BY JUDGE J. MICHAEL GAMBLE

This is an action brought by the Complainants ("Rippey") pursuant to § 55–153 et seq. of the Code of Virginia to extinguish mineral rights on a parcel containing 9.455 acres recently owned by Rippey. The general issue in this case is whether the mineral rights should be extinguished on this property.

The initial action was brought by Rippey against the Steatite Company and parties unknown who may be successors in title to the Steatite Company. An order of publication was duly run as required by law. Nobody initially appeared in response to the order of publication, and accordingly, a decree extinguishing the mineral rights was entered by the Court on February 13, 1992. Within twenty-one days thereafter, on March 5, 1992, the Court vacated its final decree dated February 13, 1992, pursuant to the motion of S. Vance Wilkins, Jr., who claimed ownership of the mineral rights as successor to Steatite. Thereafter, S. Vance Wilkins, Jr., filed an answer and crossbill asking, among other things, that the Court not extinguish the mineral rights on the subject real estate.

Ernest L. Jones and Nancy L. Jones purchased by deed of bargain and sale dated February 14, 1992, the *fee simple* interest in the 9.455 acres from Rippey. Therefore, in the period between the entry of the decree on February 13, 1992, and the vacation of the decree on March 5, 1992, Jones acquired the *fee simple* surface title from Rippey.

The 9.455 acres acquired by Rippey was a portion of a tract of land containing 454 acres more or less formerly owned by W. Howard Carter and others. The mineral rights on this 454 acres were conveyed to Robert B. Honeyman by deed dated November 14, 1907, and recorded in the Circuit Court of Nelson County in Deed Book 33, page 217. The 454 acres is shown on a plat by Holmes, Wyland and Brown dated April 22, 1907, entered as Defendant's Exhibit # 5 in this action. The 9.455 acres owned by Rippey is a portion of parcel # 8, containing 30.5 acres shown on such plat.

The deed from Carter and others to Honeyman in 1907 reserving the mineral rights was admitted as Defendant's Exhibit # 6. Such deed grants to Honeyman all mines, minerals, stones, and quarry rights on the 454 acres, together with the right to enter upon any part of the land for the purpose of mining, quarrying, and manufacturing minerals or stones. The deed from Carter to Honeyman further grants to Honeyman the right to erect all buildings necessary or convenient for mining, quarrying, and manufacturing all stones, with the number and character of all buildings to be determined by Honeyman and his assigns. The deed also gives the right to dump on any part of the 454 acres all refuse arising from any mining, quarrying, or manufacturing of any minerals and stones, and the right to build dams on and flood or overflow any part of the land. Also, the right is given to construct any highways or roads over any part of the property.

The chain of title to the mineral rights leads directly from Honeyman to Wilkins. Defendant's Exhibit # 4 sets forth the chain of title. At one point, it was thought that there was a gap in the chain of title by virtue of the failure to record a deed dated March 30, 1915, from Alan J. Fox, Trustee in Bankruptcy of the Steatite Company, to Daniel J. Carroll. However, this deed is recorded at Deed Book 42, page 241, in the Clerk's Office of the Circuit Court of Nelson County. The failure to find this deed was apparently because there is an indexing error. Also, there are a few typographical and spelling errors, but no erroneous deed book references. (See erroneous reference to ''J. T.

Carroll" in Defendant's Exhibit # 3, pages 23–30, rather than "D. J. Carroll.") The deed for the 9.455 acres to Rippey dated July 25, 1989, recorded at Deed Book 283, page 473, specifically conveys the 9.455 acres subject to the mineral rights granted by Carter and others to Honeyman in 1907. (Defendant's Exhibit # 2.) Also, the prior deeds in title in the Rippey chain of title convey the property subject to the 1907 mineral rights reservation.

The evidence at trial presented by both the Complainants (Rippey) and Defendant (Wilkins) established that there are commercially valuable soapstone deposits remaining on portions of the original 454 acres. The testimony of Richard Sperry, the former plant engineer; Kenneth Carroll, who has been associated with the soapstone plant for decades; and Phillip McClung, a geologist, indicate that there is still soapstone remaining on this property. According to the testimony, most of this soapstone seems to be congregated in the vicinity of parcels 1, 2, 3, 4, 5, 6, and 7 on Defendant's Exhibit # 5. There were twenty-one holes drilled in 1961 as set forth on the report of Phillip McClung, a geologist (Defendant's Exhibit # 16). Most of these borings were on parcel # 5, with a possibility that they may have been on parcel # 8. Mr. McClung testified that in his opinion there are no commercially valuable soapstone deposits on parcel # 8 as shown on Defendant's Exhibit # 5. No witness for the Defendant, Wilkins, could conclusively say that there is commercially valuable soapstone on parcel # 8 or the 9.455 acres located within parcel # 8. Kenneth Carroll thinks that possibly some of the twenty-one holes drilled in the vicinity of parcel # 5 shown on Defendant's Exhibit # 5 could have been drilled on a portion of parcel # 8; however, he is not sure that this is correct.

Section 55–154 of the Code of Virginia gives the Complainants a *prima facie* presumption that there are no commercial minerals on the property if the right to do so has not been reserved in writing made within thirty-five years prior to the suit, and no taxes have been paid within like period, or the right to mine has not been exercised within a like period. In the instant case, it is clear that Mr. Wilkins has paid the mineral taxes on such property as indicated by Defendant's Exhibits # 12, # 13, # 14, and # 15. Also, as indicated by the testimony of Kenneth Carroll, mining has actually occurred on the 454 acres within the past thirty-five years. Thus, the Complainants do not have the benefit of the *prima facie* presumption.

Accordingly, pursuant to § 55–155, the Complainants are required to prove by a preponderance of the evidence that there are no commercial minerals on the subject real estate. Rippey maintains that the title of Wilkins to the mineral rights is defective by virtue of a gap caused in the chain of title by the failure to correctly index the deed dated March 30, 1915, from Fox, Trustee, to Carroll. Rippey cites § 55–96 of the Code of Virginia, 15 Michie's Jurisprudence, *Recording Acts*, and *Hunton v. Wood*, 101 Va. 54 (1903), for the general legal proposition that failure to record a deed renders the deed void as to subsequent purchasers for valuable consideration without notice. This position by Rippey is incorrect for several reasons. First, in *Jones v. Folks*, 149 Va. 140, 144–145, 140 S.E. 126 (1927), the Supreme Court of Virginia held that "the admission to record is in law notice to the world." *Jones v. Folks* was a case where there had been delivery of the deed to the clerk but the clerk had failed to correctly index the deed. In that case, the issue was whether in order for a recorded deed to constitute constructive notice to the parties, it must not only be delivered to the clerk but also properly indexed. The Court held that delivery to the clerk was sufficient notice to constitute constructive notice even though it was not properly indexed. The text of *Jones v. Folks* traces the development of the recording acts from 1819 through 1922. It is clear from a review of this case that during the period that the deed from Fox to Carroll was recorded (March 31, 1917), recordation (by delivery to the Clerk) without proper indexing was sufficient for there to be constructive notice. Accordingly, the argument of Rippey that it did not have constructive notice of the deed fails under *Jones v. Folks*.

Rippey's argument on the failure of title of Wilkins also misses the mark for two other reasons. First, Rippey had notice in their chain of title of the reservation of mineral rights in 1907. This reservation had been cited in every deed in the chain of title. Additionally, Rippey had actual notice of the claim of Wilkins as demonstrated through a letter written by Walter A. Rippey to S. Vance Wilkins dated July 10, 1991, and admitted as Defendant's Exhibit # 7.

With the issue of whether Wilkins has clear record title to the mineral rights having been resolved, the Court now turns to the major issue in this case. The major issue is whether the Court is prevented from declaring the mineral rights on the 9.455 acres extinguished because commercially valuable soapstone has been

proved to exist on other portions of the 454 acres other than the 9.455 acres. For purposes of this opinion, the Court finds that the Complainants have proven by a preponderance of the evidence that soapstone or minerals do not exist on the 9.455 acres but do exist on portions of the balance of the 454 acres.

In making this analysis, the Court must consider two issues. First, the Court must consider the nature of the initial grant which reserved the mineral rights. Next, the Court must consider whether or not the reservation of mineral rights (or servitude) legally burdens the entire tract or only that portion where commercially valuable minerals or soapstone is found.

First, with respect to the deed dated May 14, 1907, and recorded in Deed Book 33, page 576, it is apparent that the reservation and the servitude apply to the entire tract of land. Not only is the right to mine minerals and stones reserved, but also the right is given to operate manufacturing, transportation, washing, storage, and dumping operations on all portions of the property. The reservation in the 1907 deed seems to clearly indicate that the entire land could be utilized for development of the mineral rights. It makes sense that not only would mining and quarrying be necessary for the extraction of commercially valuable minerals, but also other services related to that, such as manufacturing, washing, mining, and the disposal of any residue.

Next, the common law in this area does not seem to have been addressed by the Virginia Courts or the courts of any neighboring states. The Courts of the State of Louisiana have, however, extensively considered this issue. The Louisiana Courts follow what is described as the "single servitude" doctrine. *See* 16 A.L.R. 4th § 5 (b), page 1049. In *Spier v. Barnhill*, 168 So. 2d 479 (La. App. 1964), the Louisiana Appellate Court considered the case whether mineral rights reserved on 23,000 acres in 1927 could be removed where there had been mining or production on another portion of the 23,000 acres other than the area where the mineral rights were sought to be released. The Court held that the mineral rights were a single servitude on the entire 23,000 acres, and therefore, mining on one portion interrupted any prescription or statutory period on the remainder. Many other Louisiana decisions have considered the same issue and held that there was a single servitude that applied to the entire tract of land. *Gulf Oil Corp. v. Clement*, 239 La. 144, 118

So. 2d 361 (1960); *Gunby v. Commercial Solvents Corp.*, 170 So. 2d 259 (La. App. 1964). The only time that this seems to have been held otherwise is where the tracts were not contiguous.

It is obvious that in the instant case, all of the tracts are contiguous and that the initial 1907 reservation of minerals contemplated use of the entire tract for the extraction of minerals and mineral rights not only for the actual extraction process but also for the other manufacturing and related processes. Accordingly, the Court must find that the mineral rights on the 9.455 acres are not extinguished. This is a single servitude. Accordingly, judgment is in favor of the Defendant, Wilkins.

S. Vance Wilkins, Jr., has filed a cross-bill requesting attorney's fees and sanctions because he was not initially made a party to the case. In this regard, the evidence is clear that Mr. and Mrs. Rippey knew that S. Vance Wilkins, Jr., claimed the mineral rights to the property. They had constructive notice of the reservation of the mineral rights by virtue of the 1907 reservation of mineral rights in their chain of title. By merely tracing back the title of Wilkins, they could have found that Wilkins also claimed title to these mineral rights. A deed of Wilkins' chain of title refers to the 1907 reservation. See deed dated February 21, 1969, recorded in Deed Book 115, page 458 and page 462, whereby mineral rights were conveyed to Georgia Marble Company, which is recorded in the Nelson County Circuit Court Clerk's Office. Parcel 91 of this deed refers to the property described in the deed from W. Howard Carter and others to Robert B. Honeyman, dated November 14, 1907, and recorded in Deed Book 33, at page 217. (Defendant's Exhibit # 4.)

The standard to be applied by the Court is a standard of reasonableness. The issue is whether it is reasonable for the Complainants to have included Wilkins as a party to the initial case. *Tullidge v. Board of Supervisors*, 239 Va. 611, 614, 391 S.E.2d 288 (1990). This Court finds that it was unreasonable not to include Wilkins when the Complainants admitted knowing that Wilkins claimed the minerals and Wilkins' chain of title made reference to the minerals which he claimed.

Wilkins' attorney spent seven hours in his efforts to reopen the case, set aside the February 13, 1992, decree, and make Wilkins a party to the case. The remainder of the time and expense incurred by Wilkins to his attorney has been in defending this action. This ex-

pense (defense of the claim) would have been incurred anyway had Wilkins properly and initially been made a party. Thus Wilkins is not entitled to recover for the time and expense incurred by his attorney after he was able to vacate the initial decree. Accordingly, judgment is granted against Walter A. Rippey and Nancy Delores Rippey in the sum of $875.00 in favor of S. Vance Wilkins, Jr.