The plaintiff, alleging that it is the owner of a twelve inch gas pipe line constructed in the exercise of a right of way privilege granted by prior owners of a strip of land now owned by the defendant, and that defendant has disturbed it in the enjoyment of its right of way servitude by persisting in the construction of a wooden frame building, in spite of warnings by plaintiff of the danger to life and property incident to the erection and occupancy of a building directly over the high pressure gas line, filed this suit seeking a preliminary and permanent injunction against defendant's disturbing it in its possession and enjoyment of its right of way, and praying that defendant be ordered to remove the building placed by him on the right of way strip.
The exception of no cause or right of action filed by defendant was referred to the merits. After a hearing, the application for a preliminary injunction, filed by plaintiff, was denied.
In his answer, defendant averred that he had purchased the property as a business site and expended a total of $200 toward the construction of the small (8' 5 1/2" wide and 16' long) frame building thereon; that he had offered to the plaintiff for its pipe line a site equally convenient along the rear of his property or along the highway He prayed for Judgment rejecting plaintiff's *Page 865 
demands and for $250 attorney's fees; and, in the alternative, that should the relief prayed for by him be denied, that he recover $500 for the value of the land and $200 for the improvements thereon.
The district court rendered judgment granting a mandatory writ of injunction ordering defendant to remove the buildings erected by him from the pipe line right of way; maintaining and quieting plaintiff's possession of the right of way, and forever enjoining the defendant from disturbing plaintiff's possession. The case is on appeal from this judgment.
The facts in the case are not in dispute. In February, 1920, Mr. and Mrs. H.S. Dennis granted a pipe line right of way over a tract of approximately 100 acres in Caddo Parish, and shortly thereafter plaintiff's predecessor in title constructed a high pressure gas transmission line through a narrow strip of this tract running between the highway and the railway rights of way. In 1924, J.L. Monkhouse purchased the property, subject to the right of way grant, and in 1946 he sold to defendant herein a 100 foot length of the narrow strip approximately 20 feet in width. The defendant thereafter commenced the construction of a small but permanent building on the aforementioned strip, the building being located in such a manner that it is directly above plaintiff's high pressure gas transmission pipe line. After plaintiff's demands upon the defendant to discontinue the construction of the building failed, this suit was filed.
The grant by the original owners is in the usual right of way form and described the right of way to be conveyed in the following language:
"* * * the right of way to lay, maintain, and operate pipe lines, and erect, maintain, and operate a telephone line in connection therewith, over and through their lands in the Parish of Caddo, State of Louisiana, bounded and described as follows * * * (here follows the description of the entire tract) * * * with ingress and egress to and from, the same. The said Grantor to fully use and enjoy the said premises, except for the purpose hereinabove granted * * *"
The question before us for decision is whether the construction by the defendant of the frame building 16 feet long — across the 19 1/2 foot wide right of way strip — and 8 feet wide, is an interference with the right of way granted plaintiff by the above quoted from instrument.
The deed gives the gas company the right to lay, maintain, and operate pipe lines, as well as the right to erect, maintain, and operate telephone lines over and through the servient estate.
Section 4 of Chapter 4 of the Revised Civil Code dealing with the rights of the proprietor of the estate which owes a servitude, provides in Article 777 thereof that "* * * the owner of the estate which owes the servitude can do nothing tending to diminish its use, or to make it more inconvenient * * *" The article further provides the explanation that the servient owner "* * * cannot change the condition of the premises * * *."
The evidence in the record is convincing in establishing that the entire width of defendant's property, 19 1/2 feet, is not too much width for even the single high pressure gas pipe line now running through defendant's narrow premises. Plaintiff has the right under the deed granting the servitude to lay additional pipe lines and to construct and operate a telephone line. The exercise of either of these rights would require use of the surface by the plaintiff. In fact, it would be difficult to confine the operating space of ditching machinery and telephone construction or repair equipment to the 19 1/2 foot strip. If a second line were to be built, defendant's building would have to be moved and the use by plaintiff of the servitude would be rendered, to say the least, more inconvenient.
[1] We have found no Louisiana case directly in point. Plaintiff has cited Industrial Gas Co. v. Jones, 62 Ohio App. 553,24 N.E.2d 830, and Collins v. Alabama Power Co., 214 Ala. 643,108 So. 868, 46 A.L.R. 1459; and defendant has cited the case of Babler v. Shell Pipe Line Corporation, 34 F. Supp. 10, from the Federal District Court sitting in Missouri. A study of these cases is interesting and persuasive, though not controlling, in view of the fact *Page 866 
that an easement or right of way under the common law is not necessarily legally identical with a servitude or right of way under Louisiana law. Rock Island, A. L. R. Co. v. Gournay et al; same v. Guillory et al., 205 La. 164, 17 So.2d 21. It is unlikely that the states in which the cited cases arose have statutes or other law favoring the servitude owner to the extent that he is favored by the above quoted Article 777, R.C.C.
In the Industrial Gas Company case, above cited, the Ohio Court of Appeal held that a gas company having an easement across farm land for transmission of natural gas by pipe line could enjoin one subsequently acquiring the right to remove coal from the same land, from dumping waste materials on the surface upon the pipe line, and could require the removal of the waste already deposited.
In the Alabama Power Company case, supra [214 Ala. 64, 108 So. 869], a utility company owning 100 feet of right of way for the construction and maintenance of its electric transmission line was permitted to enjoin a fee owner from constructing a five room tenant house which abutted 15 feet over the right of way. This decision was rendered in spite of the fact that the transmission line was suspended approximately 25 feet above the building. The court noted that the construction of the dwelling house over a portion of the power line right of way gave rise to a "hazard of no small concern." In the case at bar, we are concerned with the high pressure gas line and there is evidence in the record that serious damage has resulted through gas leakage or the like to a business establishment over this same pipe line in the same neighborhood with defendant's property. Our conclusion that the defendant's building should not be left over the gas line is fortified by evidence in the record that the existence of a residence and place of business over this high pressure gas line could lead to serious accident.
Defendant's contention that the company could take steps to diminish this danger by precautionary measures such as an additional cementing in or covering of the pipe on the line under the building is answered by provisions of the same Article 777, R.C.C., providing that the owner of the servient estate could do nothing to diminish the use of the servitudeor make it more inconvenient.
In the Babler case [34 F. Supp. 11], the Federal Court held that the land owner had the right to erect buildings over pipe lines laid by the company under the easement. However, in that deed was contained the following language:
" '* * * The Grantor to have the right to fully use and enjoy the above described premises, except as to the rights hereinabove granted and the Grantee hereby agrees to pay any damages, which may arise to crops, timber, fences or buildings, * * *.' "
In the deed before us there is no reference to buildings. The gas company is obligated to repair "damages to fences, crops, * * *."
Under the above reservation of rights by the owner of the Missouri estate, the owner had more complete control over the premises and the strip subject to the right of way than is accorded the owner of the servient estate under Article 777 of the Revised Civil Code, and thus the holding is not necessarily in conflict with our conclusion that the erection of a 16 foot building across the 19 1/2 foot right of way strip makes the exercise of the right of way servitude more inconvenient to the plaintiff.
[2] Having found as a fact that the construction and completion of the building was in violation of the rights granted the plaintiff under its right of way deed, we must hold that the district court correctly ordered its removal. Article 864 and Article 868, R.C.C. and Article 298, Code of Practice.
The judgment is affirmed, with costs. *Page 867