107 So.2d 468 (1958)
LOUISIANA POWER & LIGHT CO.
v.
Elex BENNETT.
No. 4670.
Court of Appeal of Louisiana, First Circuit.
November 21, 1958.
Rehearing Denied January 5, 1959.
*469 Miriam Attaya, Gonzales, for appellant.
Monroe & Lemann, Melvin I. Schwartzman, New Orleans, for appellee.
ELLIS, Judge.
The plaintiff, Louisiana Power & Light Co., a public utility corporation, is seeking to enjoin the defendant from continuing to erect a wooden structure within its right-of-way, and further, to compel the defendant to remove the existing structure.
The case was tried on the application for a preliminary injunction and on the merits. There is a stipulation that separate judgments would be rendered in order that the right of suspensive appeal could be granted.
Judgment was rendered in favor of the plaintiff granting injunctions as prayed for and the defendant has perfected this appeal.
The plaintiff obtained a servitude or right-of-way from the defendant's authors in title. This right-of-way is for a width of 150 feet and was obtained for the purpose of erecting and operating electric transmission lines. There is no doubt the defendant acquired the property subject to this servitude. The plaintiff constructed its high-powered lines along the right-of-way in the usual and customary manner, said lines being in the center of the right-of-way.
This right-of-way gives the plaintiff the right to clear any obstructions that may be necessary for it to erect as well as maintain its power lines. It is the contention of the plaintiff that the building of the defendant will interfere with access to the right-of-way for the purpose of maintaining and repairing its transmission lines; that the building, as well as any additions thereto, is an extreme fire hazard; that in the event of a fire the power lines and equipment would be placed out of commission causing considerable expense and delay of restoration.
The defendant submits that plaintiff has no need for a 150 foot right-of-way; that the defendant's use of the property in the manner complained of does not interfere with the rights granted the plaintiff under the right-of-way agreement; that the use of the property by the defendant creates no greater hazard than exists elsewhere along plaintiff's transmission lines.
The use of the right-of-way granted by the owner which owes the servitude is governed by Article 777 of the LSA-Civil Code, which reads:
"The owner of the estate which owes the servitude can do nothing tending to diminish its use, or to make it more inconvenient.

*470 "Thus he cannot change the condition of the premises, nor transfer the exercise of the servitude to a place different from that on which it was assigned in the first instance.
"Yet if this primitive assignment has become more burdensome to the owner of the estate which owes the servitude, or if he is thereby prevented from making advantageous repairs on his estate, he may offer to the owner of the other estate a place equally convenient for the exercise of his rights, and the owner of the estate to which the servitude is due cannot refuse it."
The rights of the owner of the servitude are set forth in LSA-Civil Code Articles 864 and 865.
"Art. 864. Private notice to discontinue detrimental new works.
"If any one commence on his own land a building or other new work, which may be of detriment to his neighbor or any other individual, the latter may, in the presence of witnesses, forbid him to continue the work."
"Art. 865. Action for destruction of new works.
"If the person thus forbidden to continue his works, will not suspend them, the person making the opposition, may apply to the judge in order to have them destroyed at the expense of the person making them, on alleging the injury and detriment the work may cause to him."
In Arkansas Louisiana Gas Co. v. Cutrer, La.App., 30 So.2d 864, 866, our learned brothers of the Second Circuit came to the conclusion that an easement or right-of-way under Louisiana law is not necessarily legally identical with one under the common law and cited Article 777 of the LSA-Civil Code showing the servitude owner was favored more than in the common law since the Article provided the "owner of the servient estate could do nothing to diminish the use of the servitude or make it more inconvenient."
In the case at bar it is not denied that the structure exists and that it is being enlarged. The defendant contends that in 1953 an agent of the plaintiff told him not to build beyond a certain line and that he followed this instruction. This agent was under the mistaken belief that the right-of-way grant was only 100 feet wide instead of 150 feet.
While it is true that such a servitude could be modified this agent could change it only with express authority, which must be clear and unequivocal. No doubt both the defendant and the agent of the plaintiff were mistaken as to the width of the right-of-way as there is no doubt from the record that it is clearly 150 feet.
As concluded by the lower court any real defense must be based on an interpretation of the terms of the right-of-way grant. The trial court concluded that the plaintiff proved by experts that the building sought to be removed will interfere with access to the right-of-way to repair and maintain the poles and lines of the plaintiff, and, further, that the building constitutes a fire hazard.
The record clearly discloses the plaintiff proved that the defendant had a building within its right-of-way, was adding to said building and that such building would interfere with the maintenance and repair of plaintiff's electric power lines. Further that the building is a fire hazard and as such creates a menace to the use of easement and servitude for the purposes for which it was granted. Under the provisions of Article 777 of the LSA-Civil Code, supra, the defendant is committing acts which "diminish" the use of the servitude and "make it more inconvenient."
For the reasons hereinabove, the judgment of the District Court is affirmed.